■ Angel Mendez, Respondent, v Kyung Yoo et al., Appellants, et al., Defendants. (Appeal No. 1.) Angel Mendez, Appellant, v Kyung Yoo et al., Defendants, and St. Vincent's Medical Center, Respondent. (Appeal No. 2.) [806 NYS2d 67]—

In an action, inter alia, to recover damages for medical malpractice, (1) the defendants Kyung Yoo and Jing Zhang appeal, and the defendant St. Vincent's Medical Center separately appeals, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated July 9, 2003, as denied those branches of their respective motions pursuant to CPLR 3211 (a) (5) which were to dismiss the cause of action to recover damages for medical malpractice insofar as asserted against them as time-barred (appeal No. 1), and (2) the plaintiff appeals from an order of the same court dated September 15, 2003, which, after a hearing, granted the motion of the defendant St. Vincent's Medical Center pursuant to CPLR 3211 (a) (8), in effect, to dismiss the cause of action to recover damages for medical malpractice insofar as asserted against it for lack of personal jurisdiction (appeal No. 2).

Ordered that the order dated July 9, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 15, 2003, is reversed, on the law, the cause of action to recover damages for medical malpractice is reinstated against the defendant St. Vincent's

Medical Center, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On May 17, 1999, Lillian Mendez died as a result of acts of the defendants that the plaintiff claims were negligent. An initial action sounding in wrongful death and medical malpractice was commenced by Mark Inesti as the proposed administrator of Lillian Mendez's estate. By order dated November 20, 2002, that action was dismissed for lack of capacity to sue. A second action was commenced within six months by Angel Mendez, the duly-appointed administrator of Lillian Mendez's estate.

Contrary to the contention of the defendants Kyung Yoo, Jing Zhang, and St. Vincent's Medical Center (hereinafter the defendants), the Supreme Court correctly applied the six-month extension afforded by CPLR 205 (a) in denying their respective motions to dismiss the cause of action to recover damages for medical malpractice insofar as asserted against them as time-barred. The fundamental purpose of the statute was served. The defendants were given timely notice of the causes of action asserted by or on behalf of the injured party (see George v Mt. Sinai Hosp., 47 NY2d 170, 177 [1979]; Freedman v New York Hosp. Med. Ctr. of Queens, 9 AD3d 415, 416 [2004]; Matter of Winston v Freshwater Wetlands Appeals Bd., 224 AD2d 160, 165 [1996]). The fact that the proposed representative plaintiff in the first action could have been the actual administrator of the decedent's estate does not change the result. The real party in interest—the decedent's estate—was the same in both actions. Accordingly, where, as here, it is undisputed that the defendants were given timely notice of the nature of the causes of action by the proper service of a summons and complaint, an error relating to the identity of the named plaintiff in the first action will not bar recommencement of the action pursuant to CPLR 205 (a) (see Carrick v Central Gen. Hosp., 51 NY2d 242 [1980]; George v Mt. Sinai Hosp., supra; Freedman v New York Hosp. Med. Ctr. of Queens, supra at 416; Chase Manhattan Bank v Wolowitz, 272 AD2d 428 [2000]; Krainski v Sullivan, 208 AD2d 904 [1994]).

The Supreme Court erred in granting the motion, in effect, to dismiss the cause of action to recover damages for medical malpractice insofar as asserted against St. Vincent's Medical Center for lack of personal jurisdiction based on a mistake in the filed affidavit of service which incorrectly named the party served with process. An improperly executed affidavit of service is a

mere irregularity and not a jurisdictional defect (*see Mariano v Steinberg,* 87 AD2d 606 [1982]; *Mrwik v Mrwik,* 49 AD2d 750 [1975]). "The crucial question is whether or not [the] defendant was in fact served with process" (*id.* at 751). Moreover, contrary to the Supreme Court's determination, there is no longer any requirement in the CPLR to file an affidavit of service, except in the case of substituted service under CPLR 308 (*see* CPLR 306-b). A new hearing is required to afford the parties the opportunity to prove or disprove whether personal jurisdiction was in fact obtained over St. Vincent's Medical Center. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.