■ RANDALL SNODGRASS, Appellant, v PROFESSIONAL RADIOLOGY et al., Respondents, et al., Defendants. [855 NYS2d 243]—

In an action to recover damages for wrongful death and medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Jackson, J.), dated February 6, 2007, which granted the motion of the defendant Professional Radiology, and the separate motion of the defendant John Louis Romanelli, to dismiss the complaint insofar as asserted against each of them on the grounds of the statute of limitations and res judicata, and (2) so much of an order of the same court, dated September 17, 2007, as, upon reargument, adhered to its prior determination, albeit on the ground that there had been a neglect to prosecute by the plaintiff.

Ordered that the appeal from the order dated February 6, 2007 is dismissed, as that order was superseded by the order dated September 17, 2007, made upon reargument; and it is further,

Ordered that the order dated September 17, 2007 is reversed insofar as appealed from, on the law, and upon reargument, the order dated February 26, 2007 is vacated and the respondents' separate motions to dismiss are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, denominated as a "proposed administrator" of the estate of Beverly Gaines Snodgrass, commenced an action in

September 2002 to recover damages for wrongful death and medical malpractice (hereinafter the original action). There was no one with capacity to sue until letters of administration were issued to the plaintiff in February 2005. At that time, the plaintiff moved to amend the caption of the original action and to restore the matter to the active calendar. All three defendants separately moved to dismiss the complaint in the original action on a variety of grounds, including lack of capacity, the statute of limitations, and failure to timely substitute a proper representative of the estate pursuant to CPLR 1021. The Supreme Court denied the plaintiff's motion and granted all three motions to dismiss. The order of dismissal did not specify the ground or grounds for the dismissal. The court did not state that the dismissal was on the merits or that it was with prejudice.

The plaintiff promptly recommenced the instant action pursuant to CPLR 205 (a). The defendants Professional Radiology and John Louis Romanelli (hereinafter the respondents) then moved to dismiss this action, primarily on the ground that since the original action had been dismissed on statute of limitations grounds, the issue of timeliness was res judicata, and thus the instant action was also time-barred. The Supreme Court granted the motions to dismiss on the ground the original action had been dismissed on statute of limitations grounds and, as that determination was res judicata, the benefit of CPLR 205 (a) was unavailable to the plaintiff.

The plaintiff moved for leave to reargue the motions to dismiss. The Supreme Court granted the motion for leave to reargue and, upon reargument, adhered to its determination dismissing the complaint insofar as asserted against the respondents, albeit on a different ground. On reargument, the Supreme Court premised the dismissal of the complaint on an alternative ground advanced by the respondents, that the dismissal of the original action was the result of the plaintiff's neglect to prosecute.

Insofar as the issue involves whether the six-month extension provision of CPLR 205 (a) applies, the original action was timely commenced, notwithstanding the lack of capacity of the plaintiff to pursue the claims prior to the issuance of the letters of administration (see Carrick v Central Gen. Hosp., 51 NY2d 242, 252 [1980]; see also Lambert v Sklar, 30 AD3d 564 [2006]; Mendez v Kyung Yoo, 23 AD3d 354 [2005]; Freedman v New York Hosp. Med. Ctr. of Queens, 9 AD3d 415 [2004]). Therefore, the dismissal of the original action was not on the merits.

The only basis for the Supreme Court's determination, on reargument, to dismiss the complaint was neglect to prosecute.

However, there was delay in the plaintiff's efforts to obtain the letters of administration. Once the letters were issued, the plaintiff moved expeditiously to amend the caption to reflect his capacity and to restore the action to the active calendar. The defendants, who had engaged in some discovery in the original action, did not show the existence of any specific prejudice from the delay. As a matter of law, the delay in this case did not constitute neglect to prosecute (cf. *Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514 [2005]; *Bauer v Mars Assoc.*, 35 AD3d 333 [2006]; *McDonnell v Draizin*, 24 AD3d 628 [2005]).

Since the plaintiff was entitled to the benefit of the six-month extension provision of CPLR 205 (a) the instant action was timely commenced. Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur.