HEATHER RICHARDS, Individually, as Parent and Guardian, and as Proposed Administrator of the Estate of ISABELLA SIENNA SCOTTO D'ANTUONO, an Infant, Deceased, et al., Appellants, v LOURDES HOSPITAL et al., Respondents. [870 NYS2d 627]—

Peters, J.P. Appeal from an order of the Supreme Court (Tait, J.), entered December 26, 2007 in Broome County, which granted defendants' motions to dismiss the complaint.

Plaintiff Heather Richards (hereinafter the mother) gave birth to a daughter on May 1, 2005 at Our Lady of Lourdes Memorial Hospital (sued herein as defendant Lourdes Hospital) in Broome County. The infant passed away later that day. On April 28, 2006, the mother and plaintiff Dario Scotto (hereinafter the father) commenced this action against the hospital and defendant Gary Nicholson, the obstetrician who delivered the baby, to recover damages for wrongful death and conscious pain and suffering. Following joinder of issue, Nicholson moved to dismiss the complaint, contending, among other things, that both parents lacked the capacity to sue as parent and guardian of the infant and, further, that the mother lacked the capacity to sue as proposed administrator of the infant's estate. Thereafter, on July 5, 2006, the parties signed a stipulation whereby Nicholson's motion to dismiss was withdrawn and plaintiffs' "[c]omplaint [was] withdrawn without prejudice to the service of a

new [c]omplaint." At that time, plaintiffs apparently planned to serve a new complaint after the mother was named as administrator of the infant's estate. Yet, despite the mother having been named as administrator in November 2006, and Supreme Court having written to plaintiffs' counsel for a status report in January 2007, plaintiffs failed to serve a new complaint. In September and October 2007, respectively, Nicholson and the hospital moved to dismiss the complaint. These motions were granted by Supreme Court and plaintiffs now appeal.

We affirm. Under CPLR 304 (a), "[a]n action is commenced by filing a summons and complaint or summons with notice."* Although plaintiffs originally filed the summons and complaint, they then withdrew the complaint, effectively abandoning the action (*see Matter of Gershel v Porr*, 89 NY2d 327, 332 [1996]). Indeed, insofar as plaintiffs initially lacked capacity to commence the action (*see* EPTL 5-4.1, 11-3.2 [b]), the complaint was subject to dismissal (*see* CPLR 3211 [a] [3]). Having withdrawn the complaint, once the mother was named administrator of the infant's estate, it was incumbent upon her to "comply fully with the statutory filing requirements, that is, to file [a new summons and complaint], pay the filing fee, secure an index number, effect service, and file proof of service within the prescribed period" (*Matter of Gershel v Porr*, 89 NY2d at 332; *see* CPLR 304). Here, plaintiffs' counsel did not file and serve a new summons and complaint within the two-year statutory period for wrongful death claims (*see* EPTL 5-4.1)—which expired on May 1, 2007—apparently because counsel's office had misplaced the file. Moreover, plaintiffs' counsel failed to commence a new action within the 2½-year statutory period for conscious pain and suffering claims—which did not expire until November 1, 2007 (*see* CPLR 214-a)—after defendants had filed their respective motions and plaintiffs' counsel had presumably located the file. Under these circumstances, plaintiffs failed to comply with CPLR 304 and, consequently, we affirm Supreme Court's dismissal of the action (*see Matter of Gershel v Porr*, 89 NY2d at 332).

To the extent that the action was not properly commenced, we reject plaintiffs' contention that they should have been provided with an extension of time to serve a new complaint under CPLR 306-b. In any event, even if the action were properly commenced, plaintiffs failed to demonstrate good cause for an extension of time and we are unpersuaded that such an extension should be granted in the interest of justice (*see* CPLR

* While CPLR 304 was amended in 2007 (*see* L 2007, ch 125, § 2), the amendment has no bearing on the merits of this appeal.

306-b; *Matter of Anonymous v New York State Off. of Children & Family Servs.*, 53 AD3d 810, 811 [2008], *lv denied* 11 NY3d 709 [2008]; *Matter of Palmateer v Greene County Indus. Dev. Agency*, 38 AD3d 1087, 1088-1089 [2007]).

Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with one bill of costs.