■ VICTOR JORDAN, Individually and as Administrator of the Estate of OSWALD JORDAN, Deceased, Appellant, v METROPOLITAN JEWISH HOSPICE et al., Defendants, and ROSLYN L. BLACKMAN et al., Respondents. [995 NYS2d 610]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated July 13, 2012, as denied his motion for leave to enter a default judgment against the defendants Roslyn L. Blackman, Lenna S. Jordan, Helen Browne, Olive T. Jordan, and Margaret L. Jordan.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents Roslyn L. Blackman and Lenna S. Jordan, payable by the plaintiff.

On November 5, 2010, Victor Jordan (hereinafter Victor) commenced this action both in his individual capacity, and as the alleged administrator of his deceased father's estate, seeking, inter alia, to recover damages for the wrongful death of his father. However, it was not until three days later, on November 8, 2010, that temporary letters of administration were issued to Victor for the sole purpose of commencing this action. Shortly thereafter, the Surrogate's Court, Kings County, issued a decree, dated January 20, 2011, which revoked Victor's letters, and issued letters of administration to the decedent's spouse, the defendant Lenna S. Jordan. In November 2011, upon Victor's appeal to this Court, the decree dated January 20, 2011, was affirmed (see Matter of Jordan, 89 AD3d 1085 [2011]). Nevertheless, Victor continued to prosecute the instant action, and his motion for leave to enter a default judgment against several defendants was denied by the Supreme Court.

Contrary to Victor's contention on appeal, he was not entitled to a default judgment based upon the alleged failure of certain defendants to timely appear or answer. A personal representative who has obtained letters of administration to administer the estate of a decedent is the only party who is authorized to commence an action to recover damages for conscious pain and suffering sustained by the decedent or a wrongful death action to recover the pecuniary loss sustained by the decedent's distributees on account of his or her death (see EPTL 1-2.13, 5-4.1 [1]; 11-3.2 [b]; Jordan v Jordan, 120 AD3d 632 [2014]; Matter of Peters v Sotheby's Inc., 34 AD3d 29, 34 [2006]; Meroni v Holy Spirit Assn. for Unification of World Christianity, 119 AD2d 200, 206 [1986]). As of November 5, 2010, Victor was not authorized to commence an action on behalf of his deceased father, as he had not yet obtained letters of administration. In addition, although temporary letters of administration were thereafter issued to Victor, once those letters were revoked, he no longer possessed the legal capacity to prosecute such an action. The Supreme Court also correctly concluded that "none of the claims alleged in the complaint can be construed as a claim by [Victor] in his own right."

Accordingly, regardless of whether certain defendants in this action timely appeared or answered, Victor's motion for leave to enter a default judgment against those defendants was properly denied. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.