## Guerra v American Access Care Physician, PLLC

2024 NY Slip Op 31092(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 805298/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY

                                                *Justice*

-----------------------------------------------------------------------------X

CLAUDIA GUERRA, as proposed administratrix of the
estate of MIGDALIA POLANCO,

                                        Plaintiff,

                        - v -

AMERICAN ACCESS CARE PHYSICIAN, PLLC, SERGIO
NARVAEZ, M.D., PARK AVENUE DIALYSIS CENTER,
BRENT WILLIAMS, M.D., and ANNA JUMAO, R.N.,

                                        Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 56M |
| INDEX NO. | 805298/2023 |
| MOTION DATE | 09/12/2023, 11/08/2023 |
| MOTION SEQ. NO. | 001, 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 20, 21

were read on this motion to/for                                  DISMISSAL                                  .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for                                  DISMISSAL                                  .

In this action to recover damages for medical malpractice and wrongful death, the

defendants American Access Care Physician, PLLC, and Sergio Narvaez, M.D. (together the

AACP defendants) move pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as

asserted against them, based on the plaintiff's lack of capacity to prosecute the action (MOT

SEQ 001). The defendants Park Avenue Dialysis Center and Anna Jumao, R.N. (together the

Park Avenue defendants) separately move for the same relief as to them. The plaintiff opposes

both motions. The AACP defendants' motion is granted, the Park Avenue defendants' motion is

deemed to be a motion for summary judgment dismissing the complaint on the ground of lack of

capacity, the motion is thereupon granted, and the complaint is dismissed insofar as asserted

against the AACP defendants and the Park Avenue defendants, albeit without prejudice to the

[* 1]

plaintiff's commencement of a new action pursuant to CPLR 205(a) under a new index number as to those defendants after she obtains appropriate letters of administration.

Migdalia Polanco (the decedent) was the defendants' patient. She died on July 13, 2021. On June 21, 2023, the plaintiff Claudia Guerra, who seeks to be appointed as the administrator of the decedent's estate, commenced this action against all of the defendants. As of that date, Guerra had not been issued letters of administration or letters testamentary by the Surrogate's Court pursuant to SCPA articles 10 or 14, respectively. The AACP defendants made their motion under Motion Sequence 001 on August 15, 2023, while the Park Avenue defendants made their motion under Motion Sequence 002 on September 6, 2023 (*see* CPLR 2211). In affirmations dated September 6, 2023 and September 27, 2023, respectively, the plaintiff's attorney suggested that, if the court were to dismiss the complaint for the plaintiff's lack of capacity, it do so without prejudice to commencement of a new action for the same relief, pursuant to CPLR 205(a), after Claudia Guerra obtained letters of administration.

Initially, the court notes that the Park Avenue defendants are seeking relief pursuant to CPLR 3211(a)(3). Reliance on that statute, however, is improper. CPLR 3211(e) provides that

> "At any time *before service of the responsive pleading* is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in paragraphs one, three, four, five and six of subdivision (a) is waived unless raised either by such motion or in the responsive pleading"

(emphasis added). The court notes that the Park Avenue defendants have preserved the affirmative defense of lack of capacity by asserting it in their respective answers as the sixth affirmative defense; however, in light of the provisions of CPLR 3211(e),

> "[a] motion to dismiss the complaint based on a ground listed in CPLR 3211(a) . . . must be made before answering (*see* CPLR 3211[e]: Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:21). A motion for summary judgment, on the other hand, does not lie until after service of the responsive pleading (*id*.). Summary judgment is, therefore, a post answer device (*id*.). Any of the grounds on which a CPLR 3211 motion could have been made here . . . can he used as a basis for a motion for summary judgment afterwards as long as the particular objection, although not taken by a CPLR 3211 motion before service of the answer, has been included as a defense in the

**805298/2023 GUERRA, CLAUDIA vs. AMERICAN ACCESS CARE PHYSICIAN, PLLC ET AL**      **Page 2 of 6**
**Motion No. 001 002**

[* 2]

answer and thereby preserved (CPLR 3211[e]: Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:20).  Having preserved the affirmative defense in their answer, defendants were not also entitled to serve a pre-answer motion to dismiss, which is a procedural irregularity.  Defendants [are] required to move for summary judgment on the [CPLR 3211(a)] issue inasmuch as they had served their answer"

(*Lusitano Enters., Inc. v Horton Bros., Inc*., 2018 NY Slip Op 32011[U], *2-3, 2018 NY Misc LEXIS 3587, *4 [Sup Ct, Suffolk County, Aug. 14, 2018]; *see Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]; *Higgins v Goyer*, 2018 NY Slip Op 33520[U], *2, 2018 NY Misc LEXIS 9607, *3 [Sup Ct, Rensselaer County, Nov. 1, 2018]; *see also McLearn v Cowen & Co*., 60 NY2d 686, 689 [1983]).

Consequently, to the extent that the Park Avenue defendants seek relief on the ground articulated in CPLR 3211(a) (3), such relief is unavailable pursuant to that statute at this juncture, but is available only via a motion for summary judgment pursuant to CPLR 3212 (*see Rich v Lefkovits*, 56 NY2d 276, 282 [1982] ["we answer in the affirmative the question . . . concerning whether defendant may move after answer for summary judgment on his jurisdictional defense"]).  The court concludes that, in this case, there are no disputed issues of fact with respect to whether Guerra is only a proposed administrator, leaving only a pure issue of law for the court to consider, and the parties clearly have charted a summary judgment course.  Hence, the court deems the Park Avenue defendants' motion pursuant to CPLR 3211(a)(3) to be a motion for summary judgment dismissing the complaint on the ground that Guerra lacks capacity, without the need for providing additional notice to the parties pursuant to CPLR 3211(c) (*see Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1st Dept 1987]; *Ramos v Kalsow*, 2023 NY Slip Op 32954[U], *2-3, 2023 NY Misc LEXIS 4648, *2-3 [Sup Ct, N.Y. County, Aug. 24, 2023] [Kelley, J.]; *see also Mic Prop. & Cas. Ins. Corp. v Custom Craftsman of Brooklyn, Inc*., 269 AD2d 333, 334 [1st Dept 2000]).

**805298/2023   GUERRA, CLAUDIA vs. AMERICAN ACCESS CARE PHYSICIAN, PLLC ET AL**          Page 3 of 6
**Motion No.  001 002**

[* 3]                                                     3 of 6

In the summons and complaint, Claudia Guerra characterized herself as the "proposed administratrix" of the decedent's estate.

> "A personal representative who has received letters of administration of a decedent's estate [or letters testamentary] is the only party who is authorized to commence a survival action to recover damages for personal injuries sustained by the decedent or a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death"

(*Shelley v South Shore Healthcare*, 123 AD3d 797, 797 [2d Dept 2014]; *see Gulledge v Jefferson County*, 172 AD3d 1666, 1667 [3d Dept 2019]; *Jordan v Metropolitan Jewish Hospice*, 122 AD3d 682, 683 [2d Dept 2014]; *Mingone v State of New York*, 100 AD2d 897, 899 [2d Dept 1984]; EPTL 1-2.13, 5-4.1 [1]; 11-3.2 [b]). Consequently, a "proposed administrator" lacks capacity to prosecute either a personal injury "survival" action or a wrongful death action on behalf of the estate of a decedent (*see Rodriguez v River Val. Care Ctr., Inc*., 175 AD3d 432, 433 [1st Dept 2019]; *Richards v Lourdes Hosp*., 58 AD3d 927, 927-928 [3d Dept 2009]; *Mendez v Kyung Yoo*, 23 AD3d 354, 355 [2d Dept 2005]; *Duran v Isabella Geriatric Ctr., Inc.,* 2023 NY Slip Op 30500[U], *9, 2023 NY Misc LEXIS 669, *12-13 [Sup Ct, N.Y. County, Feb. 15, 2023] [Kelley, J.]; *Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]; *Stroble v Townhouse Operating Co*., 2019 NY Misc LEXIS 18865 [Sup Ct, Nassau County, Dec. 16, 2019]; *Fleisher v Ballon Stoll Bader & Nadler, P.C.,* 2015 NY Slip Op 31855[U], *5, 2015 NY Misc LEXIS 3625, *6 [Sup Ct, N.Y. County, Oct. 5, 2015]). Consequently, the complaint must be dismissed against the AACP defendants and the Park Avenue defendants.

The dismissals, however, are without prejudice to the commencement of a new action against the AACP defendants and the Park Avenue defendant for the same relief, under a new index number, in accordance with CPLR 205(a), within six months of the termination of the claims against them, after Claudia Guerra is appointed as the administrator the decedent's estate by the Surrogate's Court pursuant to the SCPA. As relevant here, CPLR 205(a) provides that:

**805298/2023   GUERRA, CLAUDIA vs. AMERICAN ACCESS CARE PHYSICIAN, PLLC ET AL**     **Page 4 of 6**
**Motion No.  001 002**

4 of 6

[* 4]

"[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

A "disposition based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205 (subd [a]) once a qualified administrator has been appointed" (*Carrick v Central Gen. Hosp.*, 51 NY2d 242, 252 [1980]; *see Rodriguez v River Val. Care Ctr., Inc*., 175 AD3d at 433; *Snodgrass v Professional Radiology*, 50 AD3d 883, 884-885 [2d Dept 2008]; *Mendez v Kyung Yoo*, 23 AD3d at 355; *Bernardez v City of New York*, 100 AD2d 798, 799-800 [1st Dept 1984]).

The court notes that the defendant Brent Williams, M.D., answered the complaint, and asserted, as his tenth affirmative defense, that the plaintiff lacked capacity to prosecute the action, but that he has not yet made a summary judgment motion in connection with that affirmative defense. Hence, the action remains active as to him.

Accordingly, it is,

ORDERED that the motion of the defendants American Access Care Physician, PLLC, and Sergio Narvaez, M.D., to dismiss the complaint insofar as asserted against them (MOT SEQ 001) is granted, and the complaint is dismissed insofar as asserted against them, without prejudice to the commencement of a new action for the same relief against them, under another index number, in accordance with CPLR 205(a); and it is further,

ORDERED that the motion of the defendants Park Avenue Dialysis Center and Anna Jumao, R.N., to dismiss the complaint insofar as asserted against them (MOT SEQ 002) is deemed to be a motion for summary judgment dismissing the complaint insofar as asserted against them on that ground, the motion is thereupon granted, summary judgment is awarded to them dismissing the complaint insofar as asserted against them, and the complaint is dismissed

**805298/2023   GUERRA, CLAUDIA vs. AMERICAN ACCESS CARE PHYSICIAN, PLLC ET AL**          **Page 5 of 6**
**Motion No.  001 002**

insofar as asserted against them, without prejudice to the commencement of a new action for the same relief against them, under another index number, in accordance with CPLR 205(a); and it is further,

ORDERED that, upon the court's own motion, the action is severed as against the defendants American Access Care Physician, PLLC, and Sergio Narvaez, M.D.; and it is further,

ORDERED that, upon the court's own motion, the action is separately severed as against the defendants Park Avenue Dialysis Center and Anna Jumao, R.N.; and it is further,

ORDERED that the Clerk of the court shall enter a judgment dismissing the complaint without prejudice insofar as asserted against the defendants American Access Care Physician, PLLC, and Sergio Narvaez, M.D.; and it is further,

ORDERED that the Clerk of the court shall enter a judgment dismissing the complaint without prejudice insofar as asserted against the defendants Park Avenue Dialysis Center and Anna Jumao, R.N.

This constitutes the Decision and Order of the court.

_____3/29/2024_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| MOTION 001: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 002: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805298/2023   GUERRA, CLAUDIA vs. AMERICAN ACCESS CARE PHYSICIAN, PLLC ET AL**          **Page 6 of 6**
**Motion No.  001 002**

6 of 6