**Diaz v Bajkina**

2024 NY Slip Op 31090(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 805029/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**      **PART**      **56M**

*Justice*

-------------------------------------------------------------------------------X

RAFAEL COLON DIAZ, by the Proposed
Administrator of his Estate, JUAN COLON, and
REINA COLON, Individually,

          Plaintiffs,

- v -

DANIELLE BAJKINA, M.D., STEVEN MILLER, M.D.,
MILLER LUMIE, M.D., JENNIFER H. HAYTHE, M.D., and
NEW YORK PRESBYTERIAN- COLUMBIA UNIVERSITY
MEDICAL CENTER,

          Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 805029/2023 |
| **MOTION DATE** | 11/08/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for                  DISMISS         .

In this action to recover damages, inter alia, for medical malpractice, Danielle Bajakian, M.D., sued herein as Danielle Bajkina, M.D., Lumei Miller, M.D., sued herein as Miller Lumie, M.D., Jennifer H. Haythe, M.D., and The New York and Presbyterian Hospital, sued herein as New York Presbyterian-Columbia University Medical Center (collectively the NYPH defendants), move pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them for the plaintiffs' lack of capacity. The plaintiffs oppose the motion. The motion is granted, and the complaint is dismissed, albeit without prejudice to commencement of a new action pursuant to CPLR 205(a) under a new index number as to all of the NYPH defendants, save Lumei Miller, M.D., against whom the plaintiffs discontinued the action with prejudice.

Rafael Colon Diaz (the decedent), a patient of the NYPH defendants, died on January 27, 2021. The plaintiff Reina Colon is the decedent's widow. On January 27, 2023, the plaintiff Juan Colon, who seeks to be appointed as the administrator of the decedent's estate,

**805029/2023 COLON DIAZ, RAFAEL ET AL vs. BAJKINA MD, DANIELLE ET AL**      Page 1 of 5
Motion No. 001

1 of 5

commenced this action together with Reina Colon. As of that date, neither plaintiff had been issued letters of administration or letters testamentary by the Surrogate's Court pursuant to SCPA articles 10 or 14, respectively. On July 12, 2023, the plaintiffs discontinued the action, with prejudice, insofar as asserted against Lumei Miller, M.D., sued herein as Miller Lumie, M.D. All of the NYPH defendants made the instant motion on August 10, 2023 (*see* CPLR 2211). In an affirmation dated September 26, 2023, the plaintiff's attorney suggested that, if the court were to dismiss the complaint for the plaintiffs' lack of capacity, it do so without prejudice to commencement of a new action for the same relief, pursuant to CPLR 205(a), after Juan Colon obtained letters of administration.

In the summons and complaint, Juan Colon characterized himself as the "proposed administrator" of the decedent's estate.

> "A personal representative who has received letters of administration of a decedent's estate [or letters testamentary] is the only party who is authorized to commence a survival action to recover damages for personal injuries sustained by the decedent or a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death"

(*Shelley v South Shore Healthcare*, 123 AD3d 797, 797 [2d Dept 2014]; *see Gulledge v Jefferson County*, 172 AD3d 1666, 1667 [3d Dept 2019]; *Jordan v Metropolitan Jewish Hospice*, 122 AD3d 682, 683 [2d Dept 2014]; *Mingone v State of New York*, 100 AD2d 897, 899 [2d Dept 1984]; EPTL 1-2.13, 5-4.1 [1]; 11-3.2 [b]). Consequently, a "proposed administrator" lacks capacity to prosecute either a personal injury "survival" action or a wrongful death action on behalf of the estate of a decedent (*see Rodriguez v River Val. Care Ctr., Inc.*, 175 AD3d 432, 433 [1st Dept 2019]; *Richards v Lourdes Hosp.*, 58 AD3d 927, 927-928 [3d Dept 2009]; *Mendez v Kyung Yoo*, 23 AD3d 354, 355 [2d Dept 2005]; *Duran v Isabella Geriatric Ctr., Inc.,* 2023 NY Slip Op 30500[U], *9, 2023 NY Misc LEXIS 669, *12-13 [Sup Ct, N.Y. County, Feb. 15, 2023] [Kelley, J.]; *Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]; *Stroble v Townhouse Operating Co.*, 2019 NY Misc LEXIS 18865 [Sup Ct, Nassau County, Dec. 16, 2019]; *Fleisher v Ballon Stoll Bader & Nadler,*

**805029/2023   COLON DIAZ, RAFAEL ET AL vs. BAJKINA MD, DANIELLE ET AL**
**Motion No.  001**

Page 2 of 5

*P.C.,* 2015 NY Slip Op 31855[U], *5, 2015 NY Misc LEXIS 3625, *6 [Sup Ct, N.Y. County, Oct. 5, 2015]), and the complaint must be dismissed against the remaining NYPH defendants insofar as asserted by Juan Colon, as the proposed administrator of the estate of Rafael Colon Diaz.

A surviving spouse may prosecute a derivative cause of action for loss of consortium, albeit one that is limited to the period of time during which the decedent was alive and suffering from injuries caused by a defendant (*see Liff v Schildkrout*, 49 NY2d 622, 632 [1980]). Here, the decedent's spouse survived him and, hence, she would be entitled to prosecute this limited claim for loss of consortium. Such a cause of action, however, does not exist independent of the injured spouse's right to maintain an action for the injuries he or she had personally sustained (*see id*.; *Klein v Metropolitan Child Servs., Inc.*, 100 AD3d 708, 711 [2d Dept 2012]). Since the claims directly arising from the injuries that the decedent himself allegedly sustained are being dismissed for Juan Colon's lack of capacity, Reina Colon's derivative claims must be dismissed as well, since "the derivative cause of action cannot survive the dismissal of the main claims for damages" (*Klein v Metropolitan Child Servs., Inc.*, 100 AD3d at 711).

The dismissals against the remaining NYPH defendants, however, are without prejudice to the commencement of a new action against them for the same relief, under a new index number, in accordance with CPLR 205(a), within six months of the termination of the claims against them, after Juan Colon is appointed as the administrator the decedent's estate by the Surrogate's Court pursuant to the SCPA. As relevant here, CPLR 205(a) provides that:

> "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

A "disposition based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205 (subd [a])

**805029/2023   COLON DIAZ, RAFAEL ET AL vs. BAJKINA MD, DANIELLE ET AL**     Page 3 of 5
**Motion No.  001**

[* 3]

3 of 5

once a qualified administrator has been appointed" (*Carrick v Central Gen. Hosp.*, 51 NY2d 242, 252 [1980]; *see Rodriguez v River Val. Care Ctr., Inc.*, 175 AD3d at 433; *Snodgrass v Professional Radiology*, 50 AD3d 883, 884-885 [2d Dept 2008]; *Mendez v Kyung Yoo*, 23 AD3d at 355; *Bernardez v City of New York*, 100 AD2d 798, 799-800 [1st Dept 1984]).

The court notes that the defendant Steven Miller, M.D., has neither answered, appeared, or moved with respect to the complaint. Although the plaintiffs have not filed proof of service of process upon him, the action remains ongoing as to him, since a court may only dismiss a complaint for failure to effect timely service of process "upon motion," and not on its own initiative (*see Rotering v Satz*, 71 AD3d 861, 862 [2d Dept 2010]; *Daniels v King Chicken & Stuff, Inc.*, 35 AD3d 345, 345 [2d Dept 2006]; *see also Vanyo v Buffalo Police Benevolent Assn.*, 159 AD3d 1448, 1452 [4th Dept 2018], *affd* 34 NY3d 1104 [2019]).

Accordingly, it is,

ORDERED that the motion is granted, and the complaint is dismissed, with prejudice as to the defendant Lumei Miller, M.D., incorrectly sued herein as Miller Lumie, M.D., and without prejudice to the commencement of a new action for the same relief against the defendants Danielle Bajakian, M.D., incorrectly sued herein as Danielle Bajkina, M.D., Jennifer H. Haythe, M.D., and The New York Presbyterian Hospital, incorrectly sued herein as New York Presbyterian-Columbia University Medical Center, under another index number, in accordance with CPLR 205(a); and it is further,

ORDERED that, on the court's own motion, the action is severed against the defendants Danielle Bajkina, M.D., Miller Lumie, M.D., Jennifer H. Haythe, M.D., and New York Presbyterian-Columbia University Medical Center; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint with prejudice as to the defendant Miller Lumie, M.D., and without prejudice as to the defendants Danielle Bajkina, M.D., Jennifer H. Haythe, M.D., and New York Presbyterian-Columbia University Medical Center.

**805029/2023   COLON DIAZ, RAFAEL ET AL vs. BAJKINA MD, DANIELLE ET AL**          Page 4 of 5
**Motion No.  001**

4 of 5

This constitutes the Decision and Order of the court.

__3/29/2024__
**DATE**

**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805029/2023   COLON DIAZ, RAFAEL ET AL vs. BAJKINA MD, DANIELLE ET AL**
**Motion No.  001**

Page 5 of 5