## Estate of Figueroa v Jewish Home Lifecare, Manhattan

2024 NY Slip Op 33613(U)

October 11, 2024

Supreme Court, New York County

Docket Number: Index No. 153703/2024

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                          PART                      **56M**

                                                    *Justice*

---------------------------------------------------------------------------X

The Estate of AIDA FIGUEROA, also known as AIDA MARÍA POMALES-GONZÁLEZ, by her Proposed Administrator, GLADYS FIGUEROA,

                                    Plaintiff,

                          - v -

JEWISH HOME LIFECARE, MANHATTAN, doing business as THE NEW JEWISH HOME–MANHATTAN, ABC CORPORATION, and ABC PARTNERSHIP (These names being fictitious as their true identities are presently unknown),

                                    Defendants.

---------------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 153703/2024 |
| MOTION DATE | 07/10/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84

were read on this motion to/for          DISMISS/X-MOTION TO SUBSTITUTE PARTY          .

In this action to recover damages for medical malpractice, the defendant Jewish Home Lifecare, Manhattan, doing business as The New Jewish Home-Manhattan (Jewish Home), moves pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it for lack of subject matter jurisdiction (CPLR 3211[a][2]), the plaintiff's lack of capacity (CPLR 3211[a][3]), based on the doctrine of res judicata (CPLR 3211[a][5]), on the ground that the action is time-barred (CPLR 3211[a][5]), and for failure to state a cause of action (CPLR 3211[a][7]).  The plaintiff opposes the motion, and cross-moves pursuant to CPLR 1021 and 3025(b) to substitute Gladys Figueroa, as administrator of the estate of Aida Figueroa, also known as Aida Maria Gonzalez-Pomales, as the plaintiff in place and instead of Gladys Figueroa in her capacity as the proposed administrator of the estate, which was how she characterized herself in the summons and complaint, and to amend the complaint accordingly.  The defendant opposes the

**153703/2024   THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs.**          **Page 1 of 4**
**JEWISH HOME LIFE CARE, MANHATTAN ET AL**
**Motion No.  001**

1 of 4

[* 1]

cross motion. The defendant's motion is granted on the ground that the plaintiff lacked capacity to commence the action, and the complaint is dismissed, albeit without prejudice to the commencement of a new action in accordance with CPLR 205(a) by Gladys Figueroa in her representative capacity. The plaintiff's cross motion is denied.

In the summons and complaint, Gladys Figueroa characterized herself as the "proposed administratrix" of the decedent's estate.

> "A personal representative who has received letters of administration of a decedent's estate [or letters testamentary] is the only party who is authorized to commence a survival action to recover damages for personal injuries sustained by the decedent or a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death"

(*Shelley v South Shore Healthcare*, 123 AD3d 797, 797 [2d Dept 2014]; *see Gulledge v Jefferson County*, 172 AD3d 1666, 1667 [3d Dept 2019]; *Jordan v Metropolitan Jewish Hospice*, 122 AD3d 682, 683 [2d Dept 2014]; *Mingone v State of New York*, 100 AD2d 897, 899 [2d Dept 1984]; EPTL 1-2.13, 5-4.1 [1]; 11-3.2 [b]). Consequently, a "proposed administrator" lacks capacity to prosecute either a personal injury "survival" action or a wrongful death action on behalf of the estate of a decedent (*see Rodriguez v River Val. Care Ctr., Inc.*, 175 AD3d 432, 433 [1st Dept 2019]; *Richards v Lourdes Hosp.*, 58 AD3d 927, 927-928 [3d Dept 2009]; *Mendez v Kyung Yoo*, 23 AD3d 354, 355 [2d Dept 2005]; *Duran v Isabella Geriatric Ctr., Inc.,* 2023 NY Slip Op 30500[U], *9, 2023 NY Misc LEXIS 669, *12-13 [Sup Ct, N.Y. County, Feb. 15, 2023] [Kelley, J.]; *Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]; *Stroble v Townhouse Operating Co.*, 2019 NY Misc LEXIS 18865 [Sup Ct, Nassau County, Dec. 16, 2019]; *Fleisher v Ballon Stoll Bader & Nadler, P.C.,* 2015 NY Slip Op 31855[U], *5, 2015 NY Misc LEXIS 3625, *6 [Sup Ct, N.Y. County, Oct. 5, 2015]).

Where a plaintiff lacks capacity to prosecute an action, and a defendant timely moves to dismiss the complaint on that ground, the complaint must be dismissed, and is not subject to an amendment to substitute a proper plaintiff, since the action was a nullity ab initio (*see Darboe v.*

**153703/2024   THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs. JEWISH HOME LIFE CARE, MANHATTAN ET AL Motion No. 001**   Page 2 of 4

[* 2]

*St. Ann's Abh Owner LLC*, 2021 NY Misc LEXIS 37996, *11 [Sup Ct, Bronx County, Apr. 30, 2021] ["A plaintiff who is not the personal administrator when he or she commences the lawsuit cannot file an Amended Complaint after receiving the letters of administration and rely on the relation-back doctrine of CPLR 203 to take advantage of the timeliness of the original action, because that action is a nullity."]). Hence, the plaintiff's cross motion for leave to substitute herself as administrator of the decedent's estate must be denied.

The dismissal, however, is without prejudice to the commencement of a new action against Jewish Home for the same relief, under a new index number, in accordance with CPLR 205(a), within six months of the termination of the claims against them. As relevant here, CPLR 205(a) provides that:

> "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

A "disposition based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205 (subd [a]) once a qualified administrator has been appointed" (*Carrick v Central Gen. Hosp.*, 51 NY2d 242, 252 [1980]; *see Rodriguez v River Val. Care Ctr., Inc.*, 175 AD3d at 433; *Snodgrass v Professional Radiology*, 50 AD3d 883, 884-885 [2d Dept 2008]; *Mendez v Kyung Yoo*, 23 AD3d at 355; *Bernardez v City of New York*, 100 AD2d 798, 799-800 [1st Dept 1984]).

In light of the court's determination, it declines to address any of the other grounds for dismissal urged by Jewish Home.

Moreover, with respect to the defendants denominated as "ABC Corporation" and "ABC Partnership," there is no showing of any efforts by the plaintiff to identify these fictitious defendants. Since they were never identified, the plaintiff is precluded from relying on CPLR

**153703/2024  THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs.      Page 3 of 4**
**JEWISH HOME LIFE CARE, MANHATTAN ET AL**
**Motion No.  001**

3 of 4

1024 to maintain this action against those parties (*see generally Fountain v Ocean View II Assocs., L.P.*, 266 AD2d 339 [2d Dept 1999]), and the complaint must be dismissed as against them.

Accordingly, it is,

ORDERED that the motion of the defendant Jewish Home Lifecare, Manhattan, doing business as The New Jewish Home-Manhattan, to dismiss the complaint insofar as asserted against it is granted on the ground that the plaintiff lacked capacity to commence the action, without prejudice to the commencement of a new action, in accordance with CPLR 205(a), by the administrator of the decedent's estate under a different index number against that defendant for the same relief; and it further,

ORDERED that the plaintiff's cross motion is denied; and it is further,

ORDERED that the complaint is dismissed against the defendants denominated as "ABC Corporation" and "ABC Partnership"; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint as against all of the defendants.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| __10/11/2024__ | |
| DATE | JOHN J. KELLEY, J.S.C. |

| MOTION: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

153703/2024   THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs.          Page 4 of 4
JEWISH HOME LIFE CARE, MANHATTAN ET AL
Motion No.  001

4 of 4

[* 4]