# Estate of Brown v Terence Cardinal Cooke Health Care Ctr.

2025 NY Slip Op 30109(U)

January 10, 2025

Supreme Court, New York County

Docket Number: Index No. 159487/2022

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. JOHN J. KELLEY

_Justice_

-------------------------------------------------------------------------------X

The Estate of ELEANOR H. BROWN, by her Proposed
Administrator, ANGELA HICKSON,

Plaintiff,

- v -

TERENCE CARDINAL COOKE HEALTH CARE CENTER,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | IAS MOTION 56EFM |
| INDEX NO. | 159487/2022 |
| MOTION DATE | 09/19/2024 |
| MOTION SEQ. NO. | 001 |

## DECISION AND ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to/for       DISMISS CPLR 3211(a)(3)         .

In this action to recover damages for statutory nursing home negligence pursuant to Public Health Law 2801-d and 2803-c, negligence premised upon alleged conduct antedating the onset of the COVID-19 pandemic, negligence per se, gross negligence, and wrongful death, the defendant moves pursuant to CPLR 3211(a)(3) and EPTL 5-4.1(1) to dismiss the complaint based on the plaintiff's lack of capacity. It also seeks to "preserve" its right to raise, as affirmative defenses in any new action commenced against it after the plaintiff obtains letters of administration, that it has a defense founded upon documentary evidence (CPLR 3211[a][1]) and that the complaint fails to state a cause of action (CPLR 3211[a][7]) because it is immune from liability by virtue of the Emergency or Disaster Treatment Protection Act (Public Health Law former §§ 3080-3082; hereinafter EDTPA) and the federal Public Readiness and Emergency Preparedness Act (_see_ 42 USC § 247d-6d[a][1]; hereinafter the PREP Act). The plaintiff opposes the motion. The defendant's motion is granted, and the complaint is dismissed for the plaintiff's lack of capacity, albeit without prejudice to the commencement of a new action by the plaintiff, Angela Hickson, in accordance with CPLR 205(a), after she is duly appointed as the

[* 1]

administrator of the estate of her decedent, Eleanor H. Brown.  Moreover, in any new action commenced by Hickson or any duly appointed administrator that is based on the same facts as she alleged herein, the defendant may raise affirmative defenses premised upon CPLR 3211(a)(1) and (7) to the extent that they are premised upon EDTPA and PREP Act immunity.

The plaintiff commenced this action on November 3, 2022.  In the summons and complaint, the plaintiff characterized herself as the "proposed administrator" of the decedent's estate.  The plaintiff apparently has yet to file a petition with the Surrogate's Court for letters of administration of the decedent's estate.

> "A personal representative who has received letters of administration of a decedent's estate [or letters testamentary] is the only party who is authorized to commence a survival action to recover damages for personal injuries sustained by the decedent or a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death"

(*Shelley v South Shore Healthcare*, 123 AD3d 797, 797 [2d Dept 2014]; *see Gulledge v Jefferson County*, 172 AD3d 1666, 1667 [3d Dept 2019]; *Jordan v Metropolitan Jewish Hospice,* 122 AD3d 682, 683 [2d Dept 2014]; *Mingone v State of New York*, 100 AD2d 897, 899 [2d Dept 1984]; EPTL 1-2.13, 5-4.1 [1]; 11-3.2 [b]).  Consequently, a "proposed administrator" lacks capacity to prosecute either a personal injury "survival" action or a wrongful death action on behalf of the estate of a decedent (*see Rodriguez v River Val. Care Ctr., Inc.,* 175 AD3d 432, 433 [1st Dept 2019]; *Richards v Lourdes Hosp.,* 58 AD3d 927, 927-928 [3d Dept 2009]; *Mendez v Kyung Yoo*, 23 AD3d 354, 355 [2d Dept 2005]; *Duran v Isabella Geriatric Ctr., Inc.,* 2023 NY Slip Op 30500[U], *9, 2023 NY Misc LEXIS 669, *12-13 [Sup Ct, N.Y. County, Feb. 15, 2023] [Kelley, J.]; *Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]; *Stroble v Townhouse Operating Co.*, 2019 NY Misc LEXIS 18865 [Sup Ct, Nassau County, Dec. 16, 2019]; *Fleisher v Ballon Stoll Bader & Nadler, P.C.,* 2015 NY Slip Op 31855[U], *5, 2015 NY Misc LEXIS 3625, *6 [Sup Ct, N.Y. County, Oct. 5, 2015]).

The burden is on the defendant to establish that the plaintiff lacked capacity to commence this action (*see Bartel v Farrell Lines*, 215 AD3d 517, 526 [1st Dept 2023]). The defendant here has established that the plaintiff lacked capacity to commence the action on the date that she filed the summons and complaint, by noting that she was only a "proposed administrator" at the time that she commenced the action. Where a plaintiff lacks capacity to prosecute an action, and a defendant timely moves to dismiss the complaint on that ground, the complaint must be dismissed, and is not subject to an amendment to substitute either a proper plaintiff or an existing plaintiff who secured appointment as a proper administrator or executor of a decedent's estate during the pendency of the action. This is so because it is a "fatal defect" for a person who lacks capacity to commence an action, inasmuch as the defect constitutes a "failure to comply with a condition precedent" (*Morris Investors, Inc. v Commissioner of Finance*, 121 AD2d 221, 224 [1st Dept 1986]). Nonetheless, although the plaintiff lacked capacity to prosecute this action at the time that she commenced it, her lack of capacity did not technically render the action a "nullity," and, hence, while the action remains "subject to grounds for dismissal," it nonetheless is "within the ambit of CPLR 205(a)" (*Sokoloff v Schor*, 176 AD3d 120, 124, 135-136 [2d Dept 2019])

As such, the dismissal here is without prejudice to the commencement of a new action by the plaintiff, after she obtains letter of administration, against the defendant for the same relief, under a new index number, in accordance with CPLR 205(a), provided that the new action is commenced within six months of the termination of this action against it. As relevant here, CPLR 205(a) provides that:

> "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

A "disposition based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205 (subd [a]) once a qualified administrator has been appointed" (*Carrick v Central Gen. Hosp.*, 51 NY2d 242, 252 [1980]; *see Rodriguez v River Val. Care Ctr., Inc.*, 175 AD3d at 433; *Snodgrass v Professional Radiology*, 50 AD3d 883, 884-885 [2d Dept 2008]; *Mendez v Kyung Yoo*, 23 AD3d at 355; *Bernardez v City of New York*, 100 AD2d 798, 799-800 [1st Dept 1984]).

If and when the plaintiff properly commences a new action in her capacity as a duly appointed administrator of the decedent's estate, the new action will be subject to the assertion of affirmative defenses based on CPLR 3211(a)(1) and (7) that are premised upon EDTPA or PREP Act immunity, inasmuch as the defendant has raised those affirmative defenses in this action (*see Voodoo Contr. Corp. v Ahava Med. & Rehabilitation Ctr., LLC,* 25 Misc 3d 1215[A], 2009 NY Slip Op 52135[U], *9-10, 2009 NY Misc LEXIS 2894, *26 [Sup Ct, Kings County, Oct. 19, 2009]).

Accordingly, it is,

ORDERED that the defendant's motion is granted, the complaint is dismissed, without prejudice, in accordance with CPLR 205(a), to the commencement of a new action under a different index number by the duly appointed administrator of the decedent's estate against the defendant for the same relief, and, in any new action commenced by a duly appointed administrator of the decedent's estate that is based on the same facts as alleged by the plaintiff herein, the defendant may raise affirmative defenses premised upon CPLR 3211(a)(1) and (7) to the extent that they are based on immunity from liability conferred upon it by the Emergency or Disaster Treatment Protection Act and the federal Public Readiness and Emergency Preparedness Act; and it is further,

ORDERED that the Clerk of the court shall enter judgment accordingly

This constitutes the Decision and Order of the court.

_____
**1/10/2025**
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |