■ SHARON MINGONE, Deceased, by Her Administrator, MARIO MINGONE, et al., Appellants, v STATE OF NEW YORK et al., Defendants, and COUNTY OF WESTCHESTER, Respondent. — In an action to recover damages for personal injuries and wrongful death, the appeal is from an order of the Supreme Court, Westchester County (Dickinson, J.), dated December 14, 1982, which dismissed the action as against the defendant County of Westchester, severed the same from the action as against the defendants State of New York and City of Peekskill, and denied plaintiffs' cross motion to amend a notice of claim served upon the county or for leave to serve a late notice of claim to allege a cause of action for wrongful death. ¶ Order affirmed, without costs or disbursements, without prejudice to the commencement of a new action against defendant County of Westchester based upon the same causes of action within six months after the service upon appellants of a copy of the order to be made hereon, with notice of entry (CPLR 205, subd [a]). ¶ The decedent, Sharon Mingone, suffered serious injuries, including damage to her brain and central nervous system when the automobile she was driving collided with a telephone pole while proceeding along Main Street in the City of Peekskill on the morning of October 26, 1977. A notice of claim was served on the defendant County of Westchester on or about January 23, 1978, within 90 days after the accident. That notice sought damages for the personal injuries and medical expenses sustained by claimants, the decedent and her husband, Mario Mingone, due to the negligence of the county in maintaining the highway where the accident occurred. The notice of claim further indicated that the decedent had been in a coma in the hospital since the date of the accident and that her injuries were believed to be permanent. The decedent subsequently died from these injuries on April 24, 1978. ¶ A summons with notice was served on the county on or about February 20, 1979, one year and 117 days after the accident. The caption on the summons set forth the names of the plaintiffs as follows: "SHARON MINGONE, deceased, MARIO MINGONE Individually and as father and natural guardian of AIMEE MINGONE & JUSTIN MINGONE, both infants under the age of 14 years". On May 8, 1979, limited letters of administration were issued to Mario Mingone by the Surrogate of the County of Westchester, appointing him administrator of the estate of his deceased wife. On October 25, 1979, a verified complaint was served on the county, the caption of which listed the names of

the plaintiffs as follows: "SHARON MINGONE, deceased, by her Administrator, MARIO MINGONE, MARIO MINGONE, Individually and AIMEE MINGONE and JUSTIN MINGONE, both infants under the age of 14 years by their father and natural guardian, MARIO MINGONE". The complaint alleged two causes of action, namely a cause of action to recover damages sustained by the decedent prior to her death as a result of her injuries from the accident and a cause of action on behalf of the decedent's husband and children to recover the damages they sustained on account of her wrongful death. Special Term concluded that both causes of action should be dismissed against the county, as the surviving personal injury cause of action on behalf of the decedent had been commenced after the period of limitation prescribed by the General Municipal Law (§ 50-i, subd 1, par [c]) and no notice of claim had been served with respect to the wrongful death cause of action. Additionally, the Judge concluded that plaintiffs' cross motion for leave to serve a late notice of claim alleging a wrongful death cause of action should be denied, as that application was brought after the expiration of the period of limitations for bringing a wrongful death action (see General Municipal Law, § 50-e, subd 5). ¶ We conclude, contrary to the determination of Special Term, that both causes of action were timely commenced within the applicable Statutes of Limitation, after compliance with the notice of claim requirement in the General Municipal Law (§ 50-e, subd 1, par [a]). This action was commenced pursuant to section 139 of the Highway Law, as it alleged that the decedent's injuries and death resulted from the negligence of the county in maintaining the highway where the accident occurred (see *Treib v County of Dutchess,* 56 AD2d 866, app dsmd 42 NY2d 824; *Forero v Town of Tuxedo,* 51 AD2d 443). The time within which to commence the cause of action to recover damages for the decedent's personal injuries was extended to one year after her death by CPLR 210 (subd [a]) as less than one year remained on the limitations period prescribed by section 139 of the Highway Law when her death occurred (see *Matter of Gelpi v New York City Health & Hosps. Corp.,* 90 AD2d 503; *Santaniello v De Francisco,* 73 Misc 2d 934, adhered to upon rearg 74 Misc 2d 229, affd 44 AD2d 831). The wrongful death action was timely commenced within the applicable limitations period of two years after the death of the decedent (see EPTL 5-4.1, subd 1; *Collins v City of New York,* 55 NY2d 646). ¶ Under the circumstances of this case, we conclude that the notice of claim relating to an action to recover damages for the personal injuries sustained by the decedent, which was timely served on the county during her lifetime, was sufficient to provide notice of the wrongful death action brought on behalf of her husband and children after she died as a result of the injuries sustained in the same accident (see *Holmes v City of New York,* 269 App Div 95, affd 295 NY 615). The situation in the instant case is analogous to the decisions which have allowed an administrator or an executor to amend the complaint in a personal injury action brought during the decedent's lifetime to assert a wrongful death cause of action, where the decedent ultimately died from the injuries she sustained due to the defendant's wrongful act. In such cases the wrongful death cause of action in the amended complaint is deemed, pursuant to CPLR 203 (subd [e]), to have been interposed at the time of the original pleading, which provided the defendant with sufficient notice of the transactions and occurrences which resulted in the decedent's death (see *Caffaro v Trayna,* 35 NY2d 245; *Vastola v Maer,* 49 AD2d 561, affd 39 NY2d 1019; EPTL 11-3.3, subd [b], par [2]). The Court of Appeals stated in *Caffaro v Trayna (supra,* p 252): "The participation of the defendant, on which his liability, if any, must be predicated, had drawn to full conclusion before service of the complaint in the action for conscious pain and suffering. And by service of the original pleadings he was put fully on notice as to what it was claimed he had done or omitted or both for which it was then and is now

asserted that he is liable. The injured person's death is simply an additional consequence of defendant's conduct for which he may be held responsible as surely would be true in more familiar instances of additionally discovered elements of damages." ¶ This conclusion is equally valid with respect to the notice of claim served on behalf of the decedent during her lifetime, describing the serious and permanent injuries she sustained from the accident which resulted in her death several months later. ¶ Nevertheless, we conclude that both the personal injury action which survived the death of the decedent and the wrongful death action must be dismissed, as no administrator had been duly appointed to serve as the personal representative of the decedent's estate at the time the summons was served. A personal representative who has received letters of administration of the estate of a decedent is the only party who is authorized to bring a survival action for personal injuries sustained by the decedent and a wrongful death action to recover the damages sustained by the decedent's distributees on account of his or her death (see EPTL 1-2.13, 5-4.1, subd 1; 11-3.2, subd [b]). The dismissal on the ground that the action was brought by an improper party does not relate to the timeliness of the original action or want of prosecution and is, thus, without prejudice to allowing plaintiffs to commence a new action based upon the same causes of action pursuant to CPLR 205 (subd [a]) (see *Carrick v Central Gen. Hosp.*, 51 NY2d 242; *George v Mount Sinai Hosp.*, 47 NY2d 170; *Hillen v Di Paolo*, 100 AD2d 893). Plaintiffs could not invoke CPLR 205 (subd [a]) to commence a new action subsequent to the order of Special Term dismissing the original action on the ground that it was not timely commenced in accordance with the notice of claim requirements of the General Municipal Law (§ 50-e, subd 1, par [a]) and the applicable Statutes of Limitation. In view of the fact that this court has determined to affirm the order dismissing the original action as against the county on the ground that the action was not commenced by the personal representative of the decedent, plaintiffs may now invoke CPLR 205 (subd [a]) to commence a new action based upon the same causes of action within six months of the service upon them of a copy of the order to be entered hereon, with notice of entry. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.