■ SHIRLEY BRENNER, Appellant, v CROSS COUNTY SHOPPING CENTER et al., Respondents, et al., Defendants. [764 NYS2d 638] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 31, 2001, which granted the motion of the defendants Cross County Shopping Center and Marx Realty pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them on the ground that the plaintiff failed to timely serve the complaint, and (2), as limited by her brief, from so much of an order of the same court entered October 8, 2002, as, in effect, treated that branch of her motion denominated as one to vacate the prior order pursuant to CPLR 5015 (a) (1) as one for leave to reargue the prior motion, and denied that branch of the motion.

Ordered that the appeal from so much of the order entered October 8, 2002, as denied that branch of plaintiff's motion which was denominated as one to vacate the prior order pursuant to CPLR 5015 (a) (1), but, in effect, was treated as one for leave to reargue the prior motion is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered July 31, 2001, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court providently exercised its discretion in granting the respondents' motion pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against them on the ground that the plaintiff failed to timely serve the complaint. In opposing the motion, the plaintiff failed to demonstrate a reasonable excuse for the delay in serving the complaint and a meritorious cause of action (*see* CPLR 3012 [b]; *Meiselman v Central Suffolk Hosp.,* 273 AD2d 209 [2000]; *Chmielnik v Rosenberg,* 269 AD2d 555 [2000]; *Quinn v Wenco Food Sys. Co.,* 269 AD2d 437 [2000]; *Culley v Morrison,* 247 AD2d 356 [1998]). Contrary to the plaintiff's contention, the respondents' acceptance of the complaint, which was served at the same time as the affirmation in opposition to the respondents' motion to dismiss, did not constitute a waiver of the late service (*cf. Ligotti v Wilson,* 287 AD2d 550 [2001]; *Volin v City Beach Catering Corp.,* 166 AD2d 583 [1990]).

That portion of the order entered October 8, 2002, which denied that branch of the plaintiff's motion denominated as one to vacate the prior order pursuant to CPLR 5015 (a) (1), but which the court, in effect, treated as one for leave to reargue the prior motion, is not appealable (*see Agayeva v KJ Shuttle Serv.,* 284 AD2d 488 [2001]; *Cangro v Cangro,* 272 AD2d 286 [2000]; *Mucciola v City of New York,* 177 AD2d 553 [1991]). Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.