■ VICTOR JORDAN, Individually and as Administrator of the Estate of OSWALD JORDAN, Deceased, Appellant, v ANDREW JORDAN et al., Respondents. [990 NYS2d 874]—

In an action to recover damages for, inter alia, wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated October 5, 2012, which granted the defendants' motion, in effect, pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion, in effect, pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing. A personal representative who has received letters of administration of the estate of a decedent is the only party who is authorized to bring a survival action for personal injuries sustained by the decedent and a wrongful death action to recover the damages sustained by the decedent's distributees on account of his or her death (*see* EPTL 1-2.13, 5-4.1 [1]; 11-3.2 [b]; *Mingone v State of New York*, 100 AD2d 897, 899 [1984]). Prior to the commencement of this action by the plaintiff, the Surrogate's Court revoked temporary letters of administration previously issued to the plaintiff and issued permanent letters of administration to the decedent's surviving spouse (*see Matter of Jordan*, 89 AD3d 1085 [2011]). As a result, the plaintiff lacked standing to commence this action.

The plaintiff's remaining contentions lack merit or need not be reached in light of our determination. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.