WILLIAM M. SHELLEY, Individually and as Executor of JANE A. SHELLEY, Deceased, Appellant, v SOUTH SHORE HEALTHCARE et al., Respondents. [999 NYS2d 103]—

In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeStefano, J.), entered February 27, 2012, which denied his motion pursuant to CPLR 306-b to extend the time within which to serve a complaint, and granted the defendants' cross motion pursuant to CPLR 3211 (a) to dismiss the action.

Ordered that the order is affirmed, without costs or disbursements.

Jane Shelley (hereinafter the decedent) had been a resident of the defendants' nursing home from May 2007 until January 9, 2008. She was hospitalized on January 9, 2008, and died on January 28, 2008. On January 21, 2011, William M. Shelley, the decedent's son (hereinafter the plaintiff), filed a summons with notice alleging negligence, gross negligence, nursing home abuse, and Medicaid fraud, individually and on behalf of the decedent. On January 27, 2011, the defendants served a demand for service of the complaint. In response, the plaintiff moved pursuant to CPLR 306-b to extend the time within which to serve a complaint. The defendants cross-moved pursuant to CPLR 3211 (a) to dismiss the action, asserting that the plaintiff lacked legal capacity to sue. Thereafter, in September 2011, the plaintiff was issued letters of administration for the decedent's estate. On or about November 15, 2011, he filed and served a complaint. In the order appealed from, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion.

A personal representative who has received letters of administration of a decedent's estate is the only party who is authorized to commence a survival action to recover damages for personal injuries sustained by the decedent or a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death (see Jordan v Jordan, 120 AD3d 632 [2014]; Mingone v State of New York, 100 AD2d 897, 899 [1984]; see also Carrick v Central Gen. Hosp., 51 NY2d 242, 249 n 2 [1980]; Sam Kyung Cho v Yongshin Cho, 45 AD3d 388,

389 [2007]). Here, at the time the action was commenced by the filing of the summons with notice, the plaintiff had not yet received letters of administration of the decedent's estate and, thus, the Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the action insofar as asserted by the plaintiff in a representative capacity (*see Jordan v Jordan*, 120 AD3d at 632; *Mingone v State of New York*, 100 AD2d at 899; *Egan v Neghavi*, 84 AD3d 1014 [2011]; *Muriel v New York City Health & Hosps. Corp.*, 52 AD3d 792 [2008]). Moreover, although the action was commenced by the plaintiff, both individually and as "executor" of the decedent's estate, no cause of action asserted any injury or wrongdoing to him (*see Caronia v Philip Morris USA, Inc.*, 22 NY3d 439, 447 [2013]; *Kimbar v Estis*, 1 NY2d 399 [1956]). Thus, the Supreme Court also properly granted that branch of the defendants' cross motion which was to dismiss the action insofar as asserted by the plaintiff individually.

Moreover, as the plaintiff lacked standing to sue in his representative capacity at the time he commenced the action, he could not establish any meritorious basis to extend his time to serve the complaint (*see Brenner v Cross County Shopping Ctr.*, 308 AD2d 469, 470 [2003]; *see also Teichman v Birbrower*, 126 AD2d 543 [1987]).

Accordingly, the Supreme Court properly granted the defendants' cross motion to dismiss the action and denied the plaintiff's motion to extend the time within which to serve a complaint.

The plaintiff's claim that the Supreme Court should have recused itself in light of an action filed by the plaintiff against the justice in federal court is not properly before this Court, as the plaintiff failed to make a motion or otherwise request that the justice recuse himself (*see* CPLR 5501; *Matter of State of New York v Leon F.*, 84 AD3d 1098 [2011]; *Matter of Caraballo v Colon*, 9 AD3d 459 [2004]; *Matter of Karina U.*, 299 AD2d 772 [2002]). In any event, a review of the record reveals no suggestion of judicial bias that would warrant recusal or reversal (*see Matter of State of New York v Leon F.*, 84 AD3d 1098 [2011]; *Matter of Malinda V.*, 221 AD2d 549 [1995]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.