**Brown v Mount Sinai W.**

2024 NY Slip Op 31069(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 805247/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. JOHN J. KELLEY

PART   56M

*Justice*

------------------------------------------------------------------------------X

PAULETTE BROWN, as proposed Administrator
of the Estate of KEVIN BROWN,

Plaintiff,

- v -

MOUNT SINAI WEST, PARK TERRACE CARE CENTER,
INC., doing business as PARK TERRACE CARE CENTER,
JOHN DOE 1, and JOHN DOE 2,

Defendants.

------------------------------------------------------------------------------X

INDEX NO.   805247/2023

MOTION DATE   11/08/2023

MOTION SEQ. NO.   001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for   DISMISSAL/3211(a)(3)   .

In this action to recover damages, inter alia, for medical malpractice and statutory nursing home negligence, the defendant Mount Sinai West moves pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against it, based on the plaintiff's lack of capacity to prosecute the action. The plaintiff opposes the motion. The motion is granted, and the complaint is dismissed insofar as asserted against Mount Sinai West, albeit without prejudice to commencement of a new action against it for the same relief pursuant to CPLR 205(a) by a duly authorized representative of the estate of the plaintiff's decedent, Kevin Brown.

The plaintiff's proposed decedent died on January 13, 2022. The plaintiff commenced this action on April 28, 2023. As of that date, the plaintiff had not been issued letters of administration or letters testamentary by the Surrogate's Court pursuant to SCPA articles 10 or 14, respectively. The defendant made the instant motion on June 20, 2023 (*see* CPLR 2211). In an affirmation dated September 26, 2023, the plaintiff's attorney asserted that the plaintiff had been issued letters of voluntary administration with respect to the decedent's estate on September 1, 2023, and attached a copy of the relevant certificate of voluntary administration.

805247/2023   BROWN, PAULETTE vs. MOUNT SINAI WEST ET AL
Motion No.  001

Page 1 of 4

1 of 4

[* 1]

In her summons and complaint, the plaintiff characterized herself as the "proposed administrator" of the decedent's estate.

> "A personal representative who has received letters of administration of a decedent's estate [or letters testamentary] is the only party who is authorized to commence a survival action to recover damages for personal injuries sustained by the decedent or a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death"

(*Shelley v South Shore Healthcare*, 123 AD3d 797, 797 [2d Dept 2014]; *see Gulledge v Jefferson County*, 172 AD3d 1666, 1667 [3d Dept 2019]; *Jordan v Metropolitan Jewish Hospice*, 122 AD3d 682, 683 [2d Dept 2014]; *Mingone v State of New York*, 100 AD2d 897, 899 [2d Dept 1984]; EPTL 1-2.13, 5-4.1 [1]; 11-3.2 [b]). Hence, a "proposed administrator" lacks capacity to prosecute either a personal injury "survival" action or a wrongful death action on behalf of the estate of a decedent (*see Rodriguez v River Val. Care Ctr., Inc*., 175 AD3d 432, 433 [1st Dept 2019]; *Richards v Lourdes Hosp*., 58 AD3d 927, 927-928 [3d Dept 2009]; *Mendez v Kyung Yoo*, 23 AD3d 354, 355 [2d Dept 2005]; *Duran v Isabella Geriatric Ctr., Inc.,* 2023 NY Slip Op 30500[U], *9, 2023 NY Misc LEXIS 669, *12-13 [Sup Ct, N.Y. County, Feb. 15, 2023] [Kelley, J.]; *Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]; *Stroble v Townhouse Operating Co*., 2019 NY Misc LEXIS 18865 [Sup Ct, Nassau County, Dec. 16, 2019]; *Fleisher v Ballon Stoll Bader & Nadler, P.C.,* 2015 NY Slip Op 31855[U], *5, 2015 NY Misc LEXIS 3625, *6 [Sup Ct, N.Y. County, Oct. 5, 2015]).

A "voluntary administrator" also lacks capacity to prosecute either a personal injury "survival" action or a wrongful death action on behalf of the estate of a decedent. The SCPA allows for the appointment of a voluntary administrator of a small estate, defined as an estate "having a gross value of $50,000 or less exclusive of property required to be set off under EPTL 5-3.1(a)" (SCPA 1301[1]), and defines a "voluntary administrator" as "a person who qualifies and undertakes to settle the estate of the decedent without the formality of court administration as hereinafter provided" (SCPA 1301[2]). Crucially, however, "*[t]he voluntary administrator shall*

**805247/2023   BROWN, PAULETTE vs. MOUNT SINAI WEST ET AL**
**Motion No.  001**

Page 2 of 4

*have no power to enforce a claim for the wrongful death of or a claim for personal injuries to the decedent*" (SCPA 1306[3]).  Consequently a "voluntary administrator" has no capacity to prosecute a personal injury "survival" action or a wrongful death action on behalf of the estate of a decedent (*see Carrick v Central Gen. Hosp.*, 51 NY2d 242, 246 [1980]; *Rodriguez v River Val. Care Ctr., Inc.*, 175 AD3d at 433; *Richards v Lourdes Hosp.*, 58 AD3d at 927-928; *Ramos v Kalsow*, 2023 NY Slip Op 32954[U], *3, 2023 NY Misc LEXIS 4648, *4 [Sup Ct, N.Y. County, Aug. 24, 2023] [Kelley, J.]; *Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]).

The complaint thus must be dismissed insofar as asserted against Mount Sinai West.

The dismissal, however, is without prejudice to the commencement of a new action against that defendant for the same relief, under a new Index Number, in accordance with CPLR 205(a), within six months of the termination of the claims against the defendant Mount Sinai West, after the plaintiff is appointed as the executor or administrator the decedent's estate by the Surrogate's Court pursuant to SCPA article 10.  As relevant here, CPLR 205(a) provides that,

> "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

A "disposition based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205 (subd [a]) once a qualified administrator has been appointed" (*Carrick v Central Gen. Hosp.*, 51 NY2d at 252; *see Rodriguez v River Val. Care Ctr., Inc.*, 175 AD3d at 433; *Snodgrass v Professional Radiology*, 50 AD3d 883, 884-885 [2d Dept 2008]; *Bernardez v City of New York*, 100 AD2d 798, 799-800 [1st Dept 1984]).

**805247/2023   BROWN, PAULETTE vs. MOUNT SINAI WEST ET AL**
**Motion No.  001**                                                                 Page 3 of 4

3 of 4

In light of the foregoing, it is,

ORDERED that the motion is granted, and the complaint is dismissed, without prejudice, insofar as asserted against the defendant Mount Sinai West; and it is further,

ORDERED that, on the court's own motion, the action is severed as against Mount Sinai West; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint without prejudice insofar as asserted against the defendant Mount Sinai West.

This constitutes the Decision and Order of the court.

_____
3/29/2024
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805247/2023  BROWN, PAULETTE vs. MOUNT SINAI WEST ET AL**
**Motion No.  001**

**Page 4 of 4**

[* 4]