Babich v New York City Health & Hosps. (2024 NY Slip Op 51493(U))

[*1]

Babich v New York City Health & Hosps.

2024 NY Slip Op 51493(U)

Decided on October 31, 2024

Supreme Court, Kings County

Mallafre Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 31, 2024
Supreme Court, Kings County

Marc Babich, as proposed Executor of the Estate of Paula Birnbaum, Plaintiff,

against
New York City Health & Hospitals and Mount Sinai Brooklyn, Defendants.

Index No. 519976/2024

Plaintiff
Seth A. Harris, Esq.
Harris, Keenan & Goldfarb PLLC
233 Broadway, 9th Floor
New York, NY 10279
212-393-1000
Defendant New York City Health & Hospitals
Marianne V. Macias, Esq.
NYC Health and Hospitals Corp.
55 Water St, Fl 26
New York, NY 10041
212-323-2266
Defendant Mount Sinai Brooklyn
Daniel Jared Slomnicki, Esq.
Shaub, Ahmuty, Citrin & Spratt LLP
1983 Marcus Avenue
Lake Success, NY 11042
212-660-3431

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review: NYSCEF 
#s:
Seq. 1: 5 — 6, 7 — 10, 28
Seq. 2: 13 — 15, 30
Seq. 3: 19 — 20, 21 — 27, 29, 31
Defendant Beth Israel Medical Center s/h/a Mount Sinai Brooklyn moves (Seq. No. 1) for an Order, pursuant to CPLR 3211 (a) (3) and CPLR 3211 (a) (7), dismissing Plaintiff's complaint for lack of capacity to sue and failure to state a cause of action.
Defendant New York City Health and Hospitals moves separately (Seq. No. 2), for an Order, pursuant to CPLR 3211 (a) (3), dismissing Plaintiff's complaint in its entirety for lack of capacity to sue.
Plaintiff opposes both defendants' motions and cross moves (Seq. No. 3) for an Order, pursuant to CPLR 1021 and CPLR 3025, amending the caption to substitute Marc Babich as Executor of the Estate of Paula Birnbaum. They also seek leave to serve and file a supplemental summons and amended complaint reflecting the substitution. Defendants oppose Plaintiff's cross motion.
Paula Birnbaum ("the decedent") first commenced a medical malpractice suit against New York City Health and Hospitals on January 11, 2017. She commenced a separate action, related to the same events and occurrences, against Mount Sinai Brooklyn on June 14, 2017. These two actions were later consolidated under Index No. 500624/2017 ("the 2017 action"). The decedent subsequently passed away on November 1, 2020, and the action was stayed.
On March 13, 2024, this Court dismissed the 2017 action upon motion of the defendants, pursuant to CPLR 1021, for failure to timely substitute an administrator or executor of the estate. The dismissal was expressly without prejudice "to restart action within six months pursuant to CPLR 205 (a)." That six-month period ran from March 13, 2024, the date of entry of the Order (see U.S. Bank N.A. v Navarro, 188 AD3d 1282, 1284 [2d Dept 2020]).
The action herein ("the 2024 action") was commenced on July 24, 2024. In compliance with CPLR 205 (a), service was effectuated on both defendants (Mount Sinai Brooklyn on July 26, 2024, and New York City Health and Hospitals on July 29, 2024) within six months of the March 13, 2024 termination of the prior action. The summons and complaint named plaintiff Marc Babich as "proposed executor" of the decedent's estate.
Now, the defendants collectively move to dismiss the 2024 action for lack of capacity to sue. In their opposition and cross motion, Plaintiff acknowledges that Marc Babich did not have letters testamentary when the 2024 action was commenced, but they have since been issued by Surrogate's Court on September 17, 2024.
Only a "personal representative, duly appointed in this state or any other jurisdiction" is authorized to bring an action to recover damages for wrongful death or personal injuries on behalf of a decedent's estate (EPTL §§ 5-4.1 [1]; 11-3.2 [b]). Generally, a defendant is entitled to dismissal upon showing that the alleged representative has not been duly appointed, and therefore lacks legal capacity under CPLR 3211 (a) (3) and lacks an essential element the claims under CPLR 3211 (a) (7). However, it is not uncommon for a "proposed" representative, whose petition is still pending in Surrogate's Court, to commence an action to avoid running out the statute of limitations, then seek leave to amend the caption or pleadings to cure this defect after receipt of the proper letters. Neither of the defendants cite any appellate authority where a cross motion to substitute and amend the caption/pleadings in this manner was denied based on the plaintiff's original lack of capacity, only cases where the plaintiff never sought that relief and dismissal was mandated (see Shelly v South Shore Healthcare, 123 AD3d 797 [2d Dept 2014]; [*2]Jordan v Jordan, 120 AD3d 632 [2d Dept 2014]; Egan v Neghavi, 84 AD3d 1014 [2d Dept 2011]).
It is undisputed that Marc Babich is now in possession of letters testamentary, and he is the proper party to assert the claims set forth in the decedent's 2017 action and the original summons and complaint of the 2024 action. It is also undisputed that this action was recommenced and served on the defendants within six months of the CPLR 205 (a) revival period running from March 13, 2024. The decedent's executor officially received letters testamentary on September 17, 2024, a mere four days after that six-month period. Defendants argue that this makes Plaintiff's recommencement defective and the cross motion to amend/substitute untimely.
CPLR 205(a) is designed to "remedy what might otherwise be the harsh consequence of applying a limitations period where the defending party has had timely notice of the action," and the courts have long held that its "broad and liberal purpose is not to be frittered away by any narrow construction" (Malay v City of Syracuse, 25 NY3d 323, 327 [2015] [internal citations and quotation marks omitted]). The statute is "explicitly and exclusively" intended to benefit "the plaintiff who prosecuted the initial action" or, if that plaintiff dies, "an administrator or executor of the deceased plaintiff's estate" (ACE Securities Corp. v DB Structured Products, Inc., 38 NY3d 643, 652 [2022]). It has long been held that CPLR 205 (a) is a remedial statute, and that "[t]he important consideration is that . . . a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts" (George v Mt. Sinai Hospital, 47 NY2d 170, 177-178 [1979] [internal citations and quotation marks omitted]).
Further, in an application to substitute a plaintiff, the Court must consider Plaintiff's efforts to obtain letters testamentary within a reasonable time pursuant to CPLR 1021. "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit" (Green v Maimonides Med. Ctr., 172 AD3d 824, 826 [2d Dept 2019], quoting Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618 [2d Dept 2013]). As the courts recognize a strong public policy in favor of disposing matters on the merits, substitution is appropriate where the plaintiff "sufficiently demonstrated that the action has potential merit" and "the record does not support a finding that there was a lack of diligence in the filing of the petition" (Tokar v Weissberg, 163 AD3d 1031 [2d Dept 2018]).
In support of their cross motion, Plaintiff submits the history of Surrogate's Court filings in this action. The first probate petition was filed on September 14, 2021, within a year of the decedent's death. The Court notes that this was during a time when court processes throughout the state were still catching up to delays from the COVID-19 pandemic. Plaintiff's counsel also explains that there were delays in identifying and serving all interested partes in the estate. There is a record of citations filed in Surrogate's Court between April 2022 through January 2023, amended probate petitions in May 2023 and October 2023, and an affidavit of heirship filed in July 2024. Plaintiff's counsel outlines their further communications with Surrogate's Court from January 2024 through July 2024 to follow up on the status of the petition and what else was required. Finally, the decree granting probate and the letters testamentary were issued on September 17, 2024. Plaintiff demonstrates that there was no lapse in diligence in their efforts to name an executor of the estate, which began prior to the dismissal of the 2017 action and was completed by filing additional documents between the dismissal and recommencement of this action.
Despite Plaintiff's demonstrated efforts to obtain letters testamentary and follow up with their petitions in Surrogate's Court, the issuance of those letters was ultimately outside of Plaintiff's control. Based on the date of issuance — six months and four days after termination of the 2017 action — it appears the plaintiff would never have been able to commence this action within the six-month CPLR 205 (a) window if he had not proactively served the summons and complaint as "proposed" executor. Plaintiff faced a catch-22 of commencing the action without proper capacity or allowing the extension of the statute of limitations to lapse. Thus, the "proposed" representative made their intention to preserve their rights clear to their adversary, undertook proceedings to obtain proper letters, and ultimately received them a mere four days after the six-month period ended, through no fault or delay of the plaintiff. The unnecessarily harsh result of a final dismissal goes against the remedial purpose of CPLR 205 (a) and the liberal construction it is afforded.
There is also no inherent prejudice to the defendants by permitting the substitution of the decedent's executor. The defendants admit they had timely notice of the claims, both in the previous 2017 action and the recommenced "proposed executor" complaint. Some discovery has already taken place in the prior action, including a deposition of the decedent before her death. By filing and serving the complaint in July 2024, Plaintiff provided clear and timely notice that the claims were not abandoned, and that he was seeking to maintain the rights of the estate before expiration of the statute of limitations or its six-month extension period.
In reply, the defendants argue that the executor had exactly six months post-dismissal to receive proper letters, and any "additional time beyond the six-month time period, even if it is four days" represents and unreasonable and prejudicial delay in substitution. For the reasons discussed, this Court finds the "four-day" delay in the issuance of the letters testamentary is not fatal to amending the caption on this revived action. Furthermore, the defendants have not presented any evidence of prejudice from this de minimis four-day delay.
Additionally, with respect to the merits of the action, Plaintiff has submitted a physician's affirmation attesting to the merit of the underlying claims. A signed, unredacted copy was presented to the court for in camera inspection. This showing of the potential merit of the medical malpractice claims, supported by an expert affirmation, is another factor that weighs strongly against dismissal and in favor of permitting substitution (see Terpis, 108 AD3d 618; see also Tokar, at 1033).
Plaintiff has made a clear showing that a representative of the estate with legal capacity has been duly appointed, and they have demonstrated all the relevant factors in support of permitting substitution and amendment of the caption. The Court has considered the liberal application of CPLR 205 (a), the short duration of the delay, and the fact that the proceedings in Surrogate's Court were outside Plaintiff's control despite their expediency and diligence in actively pursuing the letters testamentary. For these reasons, Plaintiff's cross motion, pursuant to CPLR 1021 and CPLR 3025, to substitute the Plaintiff and amend the caption to reflect Marc Babich's appointment as executor and permit him to proceed with the action as representative of the estate, is granted, and the caption is amended as below.
Additionally, the branch of Plaintiff's motion seeking to serve a supplemental summons and amended complaint is also granted. The Court notes that the only change to the Proposed Amended Complaint is the caption naming plaintiff Marc Babich as "executor" rather than "proposed executor" of the estate and the addition of language regarding his appointment. "Leave to amend the pleadings shall be freely given absent prejudice or surprise resulting directly from the delay" (Fahey v Ontario County, 44 NY2d 934 [1978]) and "upon such terms [*3]as may be just" (CPLR 3025 [b]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (Pergament v Roach, 41 AD3d 569 [2d Dept 2007]). As discussed, there was timely notice of the substantive claims in this action, and there is no prejudice or surprise to the opposing parties resulting from the delay in amending the pleadings to reflect the issuance of Plaintiff's letters testamentary.
In light of Marc Babich's appointment as executor and the amendment of the pleadings herein, the defendants' motions to dismiss on the basis of lack of capacity are denied.
Accordingly, it is hereby:
ORDERED that Defendant Mount Sinai Brooklyn's motion (Seq. No. 1) for an Order, pursuant to CPLR 3211 (a) (3) and CPLR 3211 (a) (7), dismissing Plaintiff's complaint for lack of capacity to sue and failure to state a cause of action, is DENIED;
ORDERED that Defendant New York City Health and Hospitals' motion (Seq. No. 2), for an Order, pursuant to CPLR 3211 (a) (3), dismissing Plaintiff's complaint in its entirety for lack of capacity to sue, isDENIED; and it is further
ORDERED that Plaintiff's cross motion (Seq. No. 3) for an Order, pursuant to CPLR 1021 and CPLR 3025 (b), amending the caption and granting leave to file and serve a supplemental summons and amended complaint, is GRANTED; and it is further
ORDERED that the caption is amended as follows:
MARC BABICH, as Executor of the Estate of PAULA BIRNBAUM,                                                Plaintiff,
-against-
NEW YORK CITY HEALTH & HOSPITALS and
MOUNT SINAI BROOKLYN,                                                 Defendants.
and it is further
ORDERED that Plaintiff shall file and serve the Amended Complaint on each defendant within 21 days of entry of this Order in NYSCEF; and it is further
ORDERED that the defendants shall serve responsive pleadings to the Amended Complaint in accordance with the CPLR; and it is further
ORDERED that the parties shall proceed with a Compliance Conference on January 13, 2025 (see Part Rules).
This constitutes the decision and order of this Court.
Dated: October 31, 2024
Hon. Consuelo Mallafre Melendez
J.S.C.