Estate of Joyce Moore v Nassau Operating Co., LLC (2026 NY Slip Op 00241)

Estate of Joyce Moore v Nassau Operating Co., LLC

2026 NY Slip Op 00241

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-05377
 (Index No. 500022/23)

[*1]Estate of Joyce Moore, etc., respondent, 
vNassau Operating Company, LLC, etc., et al., appellants, et al., defendants.

Wilson Elser Moskowitz Edelman & Dicker, LLP, Albany, NY (Steven V. DeBraccio, Lori R. Semlies, and Susan S. Formosa of counsel), for appellants.
Napoli Shkolnik, PLLC, Melville, NY (Joseph L. Ciaccio of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and wrongful death, the defendants Nassau Operating Company, LLC, and Bent Philipson appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated June 24, 2024. The order denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them with prejudice.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendants Nassau Operating Company, LLC, and Bent Philipson pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them with prejudice, and substituting therefor a provision granting the motion to the extent of dismissing the complaint insofar as asserted against them without prejudice to the plaintiff's commencement of a new action pursuant to CPLR 205(a) within six months after service upon the plaintiff of a copy of this decision and order, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements.
Coatlique Joseph (hereinafter the plaintiff), as the proposed administrator of the estate of her mother, Joyce Moore (hereinafter the decedent), who died on April 24, 2020, due to complications from COVID-19, commenced this action, inter alia, to recover damages for personal injuries and wrongful death. The plaintiff alleged, among other things, that the decedent was a resident of a nursing home facility operated by the defendant Nassau Operating Company, LLC (hereinafter Nassau Rehabilitation), and that Nassau Rehabilitation, among others, failed to take proper steps to protect residents of the facility from COVID-19.
Nassau Rehabilitation and its majority owner, the defendant Bent Philipson (hereinafter together the defendants), moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them with prejudice, inter alia, for lack of capacity to sue. The defendants argued, among other things, that the plaintiff lacked capacity to bring the action on behalf of the decedent's estate because she was merely a "proposed administrator" of the estate, without letters of administration having been issued. In an order dated June 24, 2024, the Supreme Court denied [*2]the defendants' motion. The defendants appeal.
"A personal representative who has received letters of administration of the estate of a decedent is the only party who is authorized to bring a survival action for personal injuries sustained by the decedent and a wrongful death action to recover the damages sustained by the decedent's distributees on account of his or her death" (Mingone v State of New York, 100 AD2d 897, 899; see Shelley v South Shore Healthcare, 123 AD3d 797, 797). "[T]he statutory requirement of a duly appointed administrator is in the nature of a condition precedent to the right to bring the suit" (Carrick v Central Gen. Hosp., 51 NY2d 242, 250). Thus, a "proposed administrator" who has not obtained letters of administration lacks capacity to bring an action to recover damages for personal injuries or wrongful death on behalf of a decedent's estate (see Shelley v South Shore Healthcare, 123 AD3d at 798; Muriel v New York City Health & Hosps. Corp., 52 AD3d 792).
Here, the plaintiff conceded that "she had not yet been appointed administrator of the Estate of her mother, [the decedent], at the time of filing the present complaint." Thus, the plaintiff lacked capacity to bring this action, inter alia, to recover damages for personal injuries and wrongful death on behalf of the decedent's estate (see Muriel v New York City Health & Hosps. Corp., 52 AD3d 792).
Nevertheless, where, as here, a plaintiff lacks the capacity to bring an action to recover damages for personal injuries or wrongful death on behalf of a decedent's estate because the plaintiff has not been issued letters of administration, the plaintiff may "remedy this defect by obtaining letters of administration within the six-month savings period provided under CPLR 205(a)" (Rodriguez v River Val. Care Ctr., Inc., 175 AD3d 432, 433). Dismissal of an action for lack of capacity to sue is not a dismissal on the merits and, therefore, does not preclude the applicability of the six-month savings period under CPLR 205(a) (see Carrick v Central Gen. Hosp., 51 NY2d 242, 246-253; Tumminia v Staten Is. Univ. Hosp., 241 AD3d 17, 23; Robles v Brooklyn-Queens Nursing Home, Inc., 131 AD3d 1032, 1033). Accordingly, we grant the defendants' motion only to the extent of dismissing the complaint insofar as asserted against them without prejudice to the plaintiff's commencement of a new action pursuant to CPLR 205(a) within six months after service upon the plaintiff of a copy of this decision and order.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court