| Rich v Lo |
|:---:|
| 2026 NY Slip Op 30654(U) |
| February 20, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805326/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     **HON. JOHN J. KELLEY**                    **PART**                    **56M**

                                             *Justice*

-------------------------------------------------------------------------------X

ROXANNE RICH, as Proposed Administrator of the Estate
of CLAUDIA RICH and ROXANNE RICH, Individually,

                             Plaintiff,

                      - v -

YUNYUN ANDREW LO, M.D., also known as ANDREW LO,
M.D., THE MOUNT SINAI HOSPITAL, BETH ISRAEL
MEDICAL CENTER, doing business as MOUNT SINAI
DOWNTOWN UNION SQUARE, MOUNT SINAI HEALTH
SYSTEM, INC., MOUNT SINAI HOSPITALS GROUP, INC.,
and ICAHN SCHOOL OF MEDICINE,

                         Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 805326/2023 |
| **MOTION DATE** | 11/10/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 59, 60, 61, 62, 63,
64, 65, 66

were read on this motion to/for               SUMMARY JUDGMENT/DISMISSAL

     In this action to recover damages for medical malpractice based on alleged departures

from good and accepted practice, lack of informed consent, and wrongful death, the defendants

Yunyun Andrew Lo, M.D., also known as Andrew Lo, M.D., Beth Israel Medical Center, doing

business as Mount Sinai Downtown Union Square, Mount Sinai Health System, Inc., Mount

Sinai Hospitals Group, Inc., and Icahn School of Medicine (collectively the Beth Israel

defendants) move pursuant to CPLR 3212 for summary judgment dismissing the complaint

insofar as asserted against them on the ground that the plaintiff lacked capacity to prosecute the

action or, in the alternative, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as

asserted against them on the same ground. The plaintiff opposes the motion. That branch of

the motion which was for summary judgment dismissing the complaint insofar as asserted

against the Beth Israel defendants is granted, and the complaint is dismissed insofar as

asserted against the Beth Israel defendants, albeit without prejudice to commencement of a

805326/2023  RICH, ROXANNE ET AL vs. ANDREW LO M.D., YUNYUN ET AL         Page 1 of 8
Motion No.  002

1 of 8

[* 1]

new action against the Beth Israel defendants for the same relief under a new index number by a duly authorized representative of the estate of the decedent, provided that the new action is timely commenced in accordance with CPLR 205(a). The motion is otherwise denied. On the court's own motion, the complaint is dismissed insofar as asserted against the defendant The Mount Sinai Hospital (MSH).

In the first instance, that branch of the Beth Israel defendants' motion which was pursuant to CPLR 3211(a)(3) was untimely since it was made subsequent to their service of an answer; in connection with the affirmative defense of lack of capacity, as well as several other defenses identified in CPLR 3211(a), if a defendant has preserved the defense by raising it in its answer, it may move pursuant to CPLR 3212 for summary judgment on that ground subsequent to serving the answer, but a CPLR 3211(a)(3) motion will not lie where it was made after service of the answer (s*ee Molina v Mount Sinai Morningside Hosp.*, 244 AD3d 489, 489 [1st Dept 2025] [applying rule to CPLR 3211(a)(5) motion]; *Estate of Wilson v Northern Manhattan Nursing Home, Inc.*, 2025 NY Slip Op 34983[U], *3, 2025 NY Misc LEXIS 10426 *4 [Sup Ct, N.Y. County, Dec. 23, 2025] [Kelley, J.]; *Bowman v Andrews*, 2025 NY Slip Op 34920[U], *3, 2025 NY Misc LEXIS 10487, *3-5 [Sup Ct, N.Y. County, Dec. 16, 2025] [Kelley, J.]; *Lusitano Enters., Inc. v Horton Bros., Inc*., 2018 NY Slip Op 32011[U], *2-3, 2018 NY Misc LEXIS 3587, *4 [Sup Ct, Suffolk County, Aug. 14, 2018]; *see also Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]; *Higgins v Goyer*, 2018 NY Slip Op 33520[U], *2, 2018 NY Misc LEXIS 9607, *3 [Sup Ct, Rensselaer County, Nov. 1, 2018]). Here, however, the Beth Israel defendants preserved the affirmative defense of lack of capacity by raising it in their answer, and properly raised the issue via a timely post-answer summary judgment motion.

It is well settled that the movant on a summary judgment motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64

805326/2023   RICH, ROXANNE ET AL vs. ANDREW LO M.D., YUNYUN ET AL
Motion No. 002

Page 2 of 8

2 of 8

NY2d 851, 853 [1985] [citations omitted]).  The motion must be supported by evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), as well as the pleadings and other proof such as affidavits, depositions, and written admissions (*see* CPLR 3212).  The facts must be viewed in the light most favorable to the non-moving party (*see Flanders v Goodfellow,* 44 NY3d 57, 62-63 [2025]; *Vega v Restani Constr. Corp*., 18 NY3d 499, 503 [2012]).  In other words, "[i]n determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility" (*Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 [1st Dept 1992]; *see Haymon v Pettit*, 9 NY3d 324, 327 n [2007]).  Once the movant meets that burden, it is incumbent upon the non-moving party to establish the existence of material issues of fact (*see Vega v Restani Constr. Corp*., 18 NY3d at 503).  A movant's failure to make a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see id.; Medina v Fischer Mills Condo Assn*., 181 AD3d 448, 449 [1st Dept 2020]).

"The drastic remedy of summary judgment, which deprives a party of his [or her] day in court, should not be granted where there is any doubt as to the existence of triable issues or the issue is even 'arguable'" (*De Paris v Women's Natl. Republican Club, Inc.,* 148 AD3d 401, 403-404 [1st Dept 2017]; *see Bronx-Lebanon Hosp. Ctr. v Mount Eden Ctr*., 161 AD2d 480, 480 [1st Dept 1990]).  Thus, a moving defendant does not meet the burden of affirmatively establishing entitlement to judgment as a matter of law merely by pointing to gaps in the plaintiff's case, but must affirmatively demonstrate the merit of his or her defense (*see Koulermos v A.O. Smith Water Prods*., 137 AD3d 575, 576 [1st Dept 2016]; *Katz v United Synagogue of Conservative Judaism*, 135 AD3d 458, 462 [1st Dept 2016]).

The decedent, Claudia Rich, died on July 15, 2021.  On July 11, 2023, the plaintiff commenced the instant action, naming herself as a party plaintiff, and purported to prosecute this action on behalf of the decedent as a "proposed administrator" of the decedent's estate.  On July 27, 2023, and, thus, subsequent to the commencement of this action, the plaintiff petitioned

805326/2023   RICH, ROXANNE ET AL vs. ANDREW LO M.D., YUNYUN ET AL          Page 3 of 8
Motion No.  002

[* 3]                                        3 of 8

the Surrogate's Court, Queens County, for appointment as the administrator of the decedent's estate.

> "A personal representative who has received letters of administration of a decedent's estate [or letters testamentary] is the only party who is authorized to commence a survival action to recover damages for personal injuries sustained by the decedent or a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death"

(*Shelley v South Shore Healthcare*, 123 AD3d 797, 797 [2d Dept 2014]; *see Gulledge v Jefferson County*, 172 AD3d 1666, 1667 [3d Dept 2019]; *Jordan v Metropolitan Jewish Hospice*, 122 AD3d 682, 683 [2d Dept 2014]; *Mingone v State of New York*, 100 AD2d 897, 899 [2d Dept 1984]; EPTL 1-2.13, 5-4.1 [1]; 11-3.2 [b]).  Consequently, a "proposed administrator" lacks capacity to prosecute either a personal injury "survival" action or a wrongful death action on behalf of the estate of a decedent (*see Rodriguez v River Val. Care Ctr., Inc.,* 175 AD3d 432, 433 [1st Dept 2019]; *Richards v Lourdes Hosp.,* 58 AD3d 927, 927-928 [3d Dept 2009]; *Mendez v Kyung Yoo*, 23 AD3d 354, 355 [2d Dept 2005]; *Duran v Isabella Geriatric Ctr., Inc.,* 2023 NY Slip Op 30500[U], *9, 2023 NY Misc LEXIS 669, *12-13 [Sup Ct, N.Y. County, Feb. 15, 2023] [Kelley, J.]; *Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]; *Stroble v Townhouse Operating Co.*, 2019 NY Misc LEXIS 18865 [Sup Ct, Nassau County, Dec. 16, 2019]; *Fleisher v Ballon Stoll Bader & Nadler, P.C.,* 2015 NY Slip Op 31855[U], *5, 2015 NY Misc LEXIS 3625, *6 [Sup Ct, N.Y. County, Oct. 5, 2015]).

The burden is on the Beth Israel defendants to establish, prima facie, that the plaintiff lacked capacity to commence this action (*see Bartel v Farrell Lines*, 215 AD3d 517, 526 [1st Dept 2023]).  The Beth Israel defendants here have established, prima facie, that the plaintiff lacked capacity to commence the action on the date that she filed the summons and complaint, by noting that she had not been appointed as the administrator or executor of the decedent's estate as of that date.  Where a plaintiff lacks capacity to prosecute an action, and a defendant timely moves for summary judgment dismissing the complaint on that ground, the complaint

805326/2023   RICH, ROXANNE ET AL vs. ANDREW LO M.D., YUNYUN ET AL
Motion No.  002

Page 4 of 8

4 of 8

must be dismissed, and is not subject to an amendment to substitute either a proper plaintiff or an existing plaintiff who secured appointment as a proper administrator or executor of a decedent's estate during the pendency of the action. This is so because it is a "fatal defect" for a person who lacks capacity to commence an action, and that defect constitutes a "failure to comply with a condition precedent" (*Morris Investors, Inc. v Commissioner of Finance*, 121 AD2d 221, 224 [1st Dept 1986]). Even if the plaintiff had secured letters of administration during the pendency of this motion, the complaint must still be summarily dismissed, since she may not make a belated motion to amend the complaint herein to allege that she now has capacity to prosecute the subject claims (*see Mingone v State of New York*, 100 at 899; *Cianciotto v Hospice Care Network*, 32 Misc 3d 916, 919 [Dist Ct, Nassau County 2011]; *cf. Favourite, Ltd. v Cico*, 42 NY3d 250, 260 [2024] [where dismissal of complaint due to dissolution of corporate plaintiff was without prejudice, Supreme Court did not lack discretion to consider motion to amend the complaint under CPLR 3025[b] where corporation thereafter was revived and motion was made within six months of dismissal]). In opposition to the Beth Israel defendants' prima facie showing in this regard, the plaintiff failed to raise a triable issue of fact. Consequently, summary judgment must be awarded to the Beth Israel defendants dismissing the complaint insofar as asserted again them.

Nonetheless, although the plaintiff lacked capacity to prosecute this action at the time that she commenced it, her lack of capacity did not technically render the action a "nullity," and, hence, while the action remains "subject to grounds for dismissal," it nonetheless is "within the ambit of CPLR 205(a)" (*Sokoloff v Schor*, 176 AD3d 120, 124, 135-136 [2d Dept 2019]). As relevant here, CPLR 205(a) provides that:

> "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have

805326/2023 RICH, ROXANNE ET AL vs. ANDREW LO M.D., YUNYUN ET AL Page 5 of 8
Motion No. 002

5 of 8

[* 5]

been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

A "disposition based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205 (subd [a]) once a qualified administrator has been appointed" (*Carrick v Central Gen. Hosp.*, 51 NY2d 242, 246, 252 [1980]; *see Rodriguez v River Val. Care Ctr., Inc.*, 175 AD3d at 433; *Snodgrass v Professional Radiology*, 50 AD3d 883, 884-885 [2d Dept 2008]; *Mendez v Kyung Yoo*, 23 AD3d at 355; *Bernardez v City of New York*, 100 AD2d 798, 799-800 [1st Dept 1984]).  The dismissal here thus is without prejudice to the commencement of a new action by the plaintiff against the Beth Israel defendants for the same relief, under a new index number, in accordance with CPLR 205(a), provided that the new action is commenced within six months of the termination of this action.

In connection with the plaintiff's claims against MSH, the court notes that a defendant is deemed to be in default when it fails timely to "appear" or "plead" in an action (CPLR 3215[a]; *see Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 109 AD3d 699, 700-701 [1st Dept 2013]).  CPLR 3215(c) provides that:

> "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed.  A motion by the defendant under this subdivision does not constitute an appearance in the action."

Inasmuch as MSH was served with process pursuant to CPLR 311(a)(1) and Business Corporation Law § 306 by personal delivery of two copies of the summons and complaint to the Secretary of State on September 15, 2023, MSH had until the first business date 30 days thereafter (*see* CPLR 3012[c]; General Construction Law §§ 20, 25-a), or until October 16, 2023, within which to answer, move with respect to the complaint, or otherwise appear in the action.  It did not do so and, thus, was in default as of October 17, 2023.  The plaintiff, in turn, thus had until October 17, 2024, or one year thereafter (*see* General Construction Law § 58) to

805326/2023   RICH, ROXANNE ET AL vs. ANDREW LO M.D., YUNYUN ET AL          Page 6 of 8
Motion No.  002

[* 6]

6 of 8

take proceedings for the entry of a default judgment against MSH in this action. The plaintiff, however, failed to "take any proceedings for the entry of judgment" against MSH by that date. "The language of CPLR 3215(c) is not discretionary, and a claim for which a default judgment is not sought within the requisite one-year period will be deemed abandoned" (*Wells Fargo Bank, N.A. v Martinez*, 181 AD3d 470, 471 [1st Dept 2020]; *see HSBC Bank USA, N.A. v Slone*, 174 AD3d 866, 867 [2d Dept 2019]). Consequently, the complaint must be dismissed insofar as asserted against MSH.

Accordingly, it is,

ORDERED that the motion of the defendants Yunyun Andrew Lo, M.D., also known as Andrew Lo, M.D., Beth Israel Medical Center, doing business as Mount Sinai Downtown Union Square, Mount Sinai Health System, Inc., Mount Sinai Hospitals Group, Inc., and Icahn School of Medicine for summary judgment dismissing the complaint insofar as asserted against them is granted, and the complaint is dismissed insofar as asserted against these defendants, without prejudice to the commencement, in accordance with CPLR 205(a), of a new action under a different index number by the duly appointed administrator or executor of the decedent's estate against these defendants for the same relief; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint, without prejudice, insofar as asserted against the defendants Yunyun Andrew Lo, M.D., also known as Andrew Lo, M.D., Beth Israel Medical Center, doing business as Mount Sinai Downtown Union Square, Mount Sinai Health System, Inc., Mount Sinai Hospitals Group, Inc., and Icahn School of Medicine; and it is further,

ORDERED that, on the court's own motion, the complaint dismissed insofar as asserted against the defendant The Mount Sinai Hospital.

805326/2023 RICH, ROXANNE ET AL vs. ANDREW LO M.D., YUNYUN ET AL Page 7 of 8
Motion No. 002

7 of 8

This constitutes the Decision and Order of the court.

| | |
|---|---|
| _____ | _____ |
| **2/20/2026** | **JOHN J. KELLEY, J.S.C.** |
| **DATE** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805326/2023   RICH, ROXANNE ET AL vs. ANDREW LO M.D., YUNYUN ET AL**
**Motion No.  002**
**Page 8 of 8**

8 of 8

[* 8]